ALVINA SEMROW *v.* JULIUS SEMROW.

November 11, 1876.

**Errors on Face of Judgment or Prior Proceedings, how Corrected.**—Errors appearing upon the face of a judgment, or in the proceedings resulting in a judgment, are to be corrected either by a motion for a new trial or on appeal.

**Divorce—When a Judgment for Alimony may be Revised.**—The authority given by Gen. St. c. 62, § 25, to revise and alter a judgment for alimony, is to be exercised only upon new facts occurring after the judgment, or perhaps, also, upon facts occurring before the judgment, of which a party was excusably ignorant at the time when the judgment was rendered.

**Same—Subsequent Death of Child not a Reason for Reducing Alimony.**—When a gross sum is adjudged to a divorced woman, as her permanent alimony, the fact that, subsequently to such adjudication, a child of the divorced parties, the care, custody and education of which was committed to the mother, dies, furnishes no reason for reducing the alimony.

**Same—Mortgage Obtained by Duress in Satisfaction of Judgment for Alimony can be Avoided only by Action.**—Where it is claimed that a mortgage has been procured wrongfully and by duress, in part-satisfaction of a judgment for alimony, redress is to be had in a regular action brought for that purpose, and not by a motion in the divorce suit, to be heard upon affidavits.

Plaintiff having obtained a judgment against defendant of divorce and for alimony, in the district court for Sibley county, the defendant thereafter moved that the judgment be altered by reducing the amount of alimony awarded, and that a mortgage which defendant had given in part-satisfaction of the judgment might be released and delivered up to him, on the ground that it had been obtained from him by duress. The motion was denied by *L. M. Brown*, J., and the defendant appealed.

*Davis, O'Brien & Wilson* and *F. F. Wilde*, for appellant.

*S. & O. Kipp*, for respondent.

BERRY, J. Upon the points presented by counsel in this court, this may be taken to be an appeal from the order of the court below refusing to "revise and alter" a judgment for alimony, and refusing to direct the plaintiff to release and deliver up a certain mortgage alleged to have been obtained by duress, in part-satisfaction of such judgment. It is first claimed that the judgment should have been revised and altered on account of errors appearing upon its face, or errors in the proceedings of which it was the result. As with respect to judgments in general, the correction of such errors is to be accomplished either by a motion for a new trial or by appeal. *Grant* v. *Schmidt,* 22 Minn. 1. The authority given by Gen. St. c. 62, § 25, to revise and alter a judgment for alimony, is to be exercised only upon new facts occurring after the judgment, or perhaps, also, upon facts occurring before the judgment, of which a party was excusably ignorant at the time when the judgment was rendered. *Perkins* v. *Perkins,* 12 Mich. 456; *Blythe* v. *Blythe,* 25 Iowa, 266; *Fisher* v. *Fisher,* 32 Iowa, 20; *Wilde*

v. *Wilde*, 36 Iowa, 319.    See, also, *Graves* v. *Graves*, 108 Mass. 314.

In this case there was no fact existing at the time of the rendition of the judgment, and bearing upon the matter of alimony, of which defendant was excusably ignorant.    The only new fact insisted upon is the death, since the rendition of the judgment, of a child of the parties thereto, the care, custody, and education of which were awarded to plaintiff. But as, by the terms of the judgment, the alimony in question was awarded as "her (the plaintiff's) permanent alimony," and not as an allowance for the child, the fact of the child's death becomes unimportant, since it does not furnish any reason why the amount awarded as *her* alimony —that is to say, alimony awarded for her own use—should be reduced.    In passing, we observe, further, that it is by no means certain that the provisions as to alteration and revision of alimony apply to a case in which alimony is awarded, as in this instance, in a gross sum.    In Illinois it has been held that a similar authority is to be exercised only with reference to what is styled "stipendiary alimony," by which we understand alimony payable in the manner of an annuity.    *Plaster* v. *Plaster*, 47 Ill. 290.

This brings us to the other branch of the case, viz., that which respects the mortgage.    As to this, we are of opinion that defendant cannot obtain the relief which he seeks in the present form of proceeding.    If, as is claimed, the mortgage was obtained wrongfully and by duress, there is no reason why defendant cannot obtain proper redress in a regular action brought for that purpose; but a right of property, like that involved in the controversy respecting the mortgage, cannot properly be determined upon a motion like that made in this case, to be heard upon affidavits.

Order affirmed.