MINNIE B. WELD *vs.* LUTHER R. WELD.

May 16, 1881.

**Modification of Judgment for Alimony.**—The authority given by Gen. St. 1878, *c.* 62, § 25, to revise and alter a judgment for alimony, is to be exercised only upon new facts occurring after the judgment, or, perhaps, also upon facts occurring before the judgment of which the party was excusably ignorant at the time when the judgment was rendered. *Semrow* v. *Semrow*, 23 Minn. 214, followed. The fact that the right of modification is reserved in the judgment will not enlarge or extend this authority.

**Practice—Correction of Judgment**—Where a cause has been tried and submitted on its merits, and passed upon by the court, and final judgment rendered therein in accordance with the findings of the court, errors appearing upon the face of the judgment are to be corrected either by motion for a new trial or on appeal, and not by motion to the court to revise or alter its judgment.

v.28—3

Appeal by defendant from an order of the district court for Rice county, *Buckham,* J., presiding, denying a motion to revise and alter a judgment of the same court, *Lord,* J., presiding.

*Case & Gipson,* for appellant.

*A. D. Keyes,* for respondent.

MITCHELL, J.* This is an appeal from the order of the district court denying a motion to revise and alter its final judgment in the cause. The action was brought for a divorce from the bonds of matrimony, and for alimony. The defendant answered, denying the allegations of the complaint. The cause having been tried and submitted on its merits, the court found, as conclusions of fact, "that the defendant's treatment of plaintiff afforded just ground for complaint, but was not such as to justify a divorce; that the defendant has not been guilty of cruel or inhuman treatment of the plaintiff; that the defendant has personal and real property of the aggregate value of $40,000, and an annual income of $4,000; that the plaintiff has no property nor means of support, and that the state of feeling existing between the parties is such as to render it impossible for them to live together for some time to come;" and, as conclusions of law from these facts, the court found that plaintiff was not entitled to a divorce, but that the nature of the case rendered it suitable and proper that an order or decree be made for the support and maintenance of plaintiff by defendant until the further order of the court, and directing defendant to pay to plaintiff, until the further order of the court, $30 per month for her separate support and maintenance; and that said sum might at any time, on sufficient showing, be increased, diminished, or wholly discontinued. Final judgment was entered, in accordance with these findings, February, 1878.

On December 24, 1880, defendant, upon affidavits, moved the district court to revise and alter that part of its judgment which directed defendant to pay plaintiff $30 per month for her separate maintenance, and to discontinue such allowance. The grounds upon which the motion was made were—*First,* new facts occurring after the judgment; *second,* that the court had no authority to render such a judg-

*Cornell, J., owing to illness, took no part in this case.

ment, and therefore it was void. Upon the hearing, the court denied the motion. From this order defendant appeals.

We are of opinion that, in any view of the case, the order appealed from must be affirmed. If that part of the judgment sought to be altered or revised is valid and proper, the authority of the court to revise or alter it is to be exercised only upon new facts occurring after the judgment, or, perhaps, also upon facts occurring before the judgment of which the party was excusably ignorant at the time when the judgment was rendered. Gen. St. 1878, *c.* 62, § 25; *Semrow* v. *Semrow,* 23 Minn. 214. The fact that the power of modification is reserved in the judgment itself cannot enlarge or extend this authority. Freeman on Judgments, § 96. Upon examination of defendant's affidavit, and the counter-affidavit of plaintiff, we think the court below was entirely justified in holding that the defendant failed to establish the existence of any new facts, occurring after judgment, which would entitle him to any alteration or revision of the original judgment. If, on the other hand, that part of the judgment sought to be revised and altered was erroneous, the defendant's only remedies, after judgment, were by motion for a new trial, or by appeal. *Grant* v. *Schmidt,* 22 Minn. 1; *Semrow* v. *Semrow,* 23 Minn. 214.

One of the principal questions discussed by counsel for appellant, and which he asks this court to decide, is whether the court had the authority to provide for the support and maintenance of the plaintiff by the defendant where no divorce was granted, and where no facts were established by the evidence sufficient to warrant the granting of a divorce. This calls for a construction of Gen. St. 1878, *c.* 62, § 36. Although not necessary for the decision of this appeal, we would feel warranted in passing upon this question, if its determination would be of any practical use to the parties in this case. But, even if we should hold that the court had no authority under this statute to make such an order under the facts of this case, yet the judgment would not be void, but merely erroneous, the court having had jurisdiction of the parties and of the subject-matter, and the judgment being one which, according to plaintiff's own position, the court would have had the right to render under a different state of facts. And a judgment which is not void, but merely erroneous, is valid and bind-

ing until reversed. The time for appeal having elapsed, we cannot see that a decision of the point discussed would be of any avail to either party. For this reason we decline to pass on this question, or to intimate any opinion upon it.

Order affirmed.