GEORGE BARBARAS v. HARRIET BARBARAS.[1]

December 19, 1902.

Nos. 13,124—(114).

### Alimony—Modification of Order.

The district courts of this state have jurisdiction to modify and change orders and judgments for alimony in divorce proceedings, under G. S. 1894, § 4809.

### Depreciation in Husband's Income.

Petition for a modification of an annual allowance as alimony provided for in a judgment considered, and *held* that the fact that the

[1] Reported in 92 N. W. 522.

property and income of the husband had materially depreciated in value since the divorce might furnish reasons for the reduction of an annual allowance to the divorced wife.

Findings of Fact.

> Upon a motion to modify a judgment of divorce so far as it affects future allowances for alimony, the court is not required to make specific findings of fact, and its failure to do so is not reversible error.

Upon the application and affidavit of plaintiff an order was issued from the district court for Dakota county requiring defendant to show cause why the judgment and decree of divorce entered in the action on February 6, 1892, should not be modified in respect to the amount of alimony and allowances required to be paid to defendant. The matter was heard before Crosby, J., who made an order, in the form of a judgment, modifying the original judgment by substituting in lieu of the annuity therein provided three annual payments of $250 each. Defendant appealed from this judgment. Affirmed.

*W. H. Gillitt* and *Albert Schaller*, for appellant.

*Hodgson & Lowell*, for respondent.

LOVELY, J.

In February, 1856, plaintiff and defendant were married, and lived together until December 28, 1891, when plaintiff commenced suit against defendant for divorce upon the ground of cruel and inhuman treatment. On February 6, 1892, the court granted a divorce, and assigned to defendant, as her permanent alimony, a dwelling house in the city of Hastings, with the furniture therein, also a life insurance policy previously procured for her benefit upon plaintiff's life, and further adjudged that defendant be paid out of the plaintiff's estate the sum of $250 per annum, commencing January 1, 1892, to continue during her lifetime. Ten of these payments had been made, when plaintiff sought to have the order for payments modified in respect to such stipendiary allowance, and petitioned the court for such relief; setting forth that his property and income had materially depreciated since the decree for divorce.

It was thereafter ordered that the defendant show cause before

the district court why the previous decree should not be modified in the respects prayed for. To this defendant objected, and protested that the proceedings were conducted upon affidavits, as well as other grounds. She also answered the petition, denying the depreciation of plaintiff's property, and alleged that she had been the owner of property which defendant had used during their previous marriage relations. Thereafter, and within a reasonable period, there was a hearing upon the application to modify the decree, in the course of which witnesses were sworn and testified on both sides; and, upon the consideration of the matters presented by the petition and answer, the court entered judgment relieving the plaintiff from the payment of the sum of $250 per annum during the life of plaintiff, and in lieu thereof provided for three annual payments of $250 thereafter, to be made to the defendant by plaintiff, when his obligations in respect to future allowances should terminate. From this judgment, defendant appeals.

It is urged by counsel for defendant on this review that the defendant during coverture had vested rights in the property of the plaintiff; that the judgment in the divorce suit affected such rights, and hence the court had no power to modify or reverse such judgment. There has been some conflict in the authorities of the different states as to the right of courts to change or modify such decrees, depending upon the construction of local laws affecting the subject, but not relevant here, for we are quite clear that, under our own statute relating to this subject (G. S. 1894, § 4809), it is within the power of the court having the appropriate jurisdiction to make a modification of a previous decree of alimony, although it should be done only upon substantial grounds (Smith v. Smith, 77 Minn. 67, 79 N. W. 648); the sole restriction hitherto imposed upon such power being that the change must be upon some new condition, arising subsequent to the decree already granted, or of some existing matter of which the applicant for the change was ignorant. Semrow v. Semrow, 23 Minn. 214; Weld v. Weld, 28 Minn. 33, 8 N. W. 900.

The evidence upon which the court acted in granting the modification of the judgment in this case is not before us, either in a bill

of exceptions or settled case; and, upon well-established principles of procedure, we are not justified, on review for alleged errors, in doubting that the district court acted advisedly, and modified the judgment by limiting the subsequent instalments which plaintiff was to pay, upon proper legal grounds. That a depreciation of the property, where a stipendiary allowance as alimony is provided for, should require a modification, may be reasonable; and in the absence of any sufficient showing to the contrary, or an examination of the evidence upon which the court below acted, we must assume that its course was judicial, and founded upon considerations of duty and right.

It is further objected that the judgment appealed from is based upon no specific findings of fact. The order modifying the alimony was entered in the form of a judgment. From this defendant appeals, and cannot be now heard to question the fact that it was a judgment.

In looking into the record further, we find that a general motion for findings was made, but the court was not requested to pass upon any specific question proposed, and denied the defendant's motion for findings generally. We are also of the opinion that the matter involved in the application for the modification of defendant's allowance for alimony was not such a trial as, under G. S. 1894, § 5386, imposed that duty upon the court. The application upon which the court acted was ancillary to, and dependent in its nature upon, the main proceeding, and, as we have held it was not necessary, in deciding such a motion, that specific findings of fact and law be separately stated or returned. Minneapolis Trust Co. v. Menage, 86 Minn. 1, 90 N. W. 3.

Judgment affirmed.