MINA L. HOLMES v. FRANK D. HOLMES.[1]

November 13, 1903.

Nos. 13,678—(142).

**Modifying Judgment for Alimony.**

A court awarding a judgment for alimony, whether for a gross amount or payable in instalments, has power, by virtue of G. S. 1894, § 4809, to modify such judgment on the application of either party, for good cause shown.

**Exercise of Discretion.**

The power, however, is to be exercised only upon clear proof of new facts showing that the changed circumstances of parties render the proposed modification equitable. The question of such modification is one largely within the discretion of the trial court.

**Decision of Trial Court.**

The trial court in this case rightly denied the motion of the defendant to modify a judgment against him for alimony in gross.

Appeal by defendant from an order of the district court for Steele county, Buckham, J., denying a motion to modify a judgment theretofore entered in the action by which plaintiff was awarded $600 alimony. Affirmed.

*J. A. Sawyer* and *S. T. Littleton,* for appellant.
*Geo. N. Baxter* and *J. W. Le Crone,* for respondent.

START, C. J.

The facts relevant to this appeal are these. On February 13, 1893, the plaintiff secured a judgment herein for an absolute divorce against the defendant on account of his adultery, and for alimony in the gross sum of $600, payable in one year. She appealed from the judgment on the ground that she was also entitled to dower in the defendant's estate, but the judgment was affirmed. See 54 Minn. 352, 56 N. W. 46. The plaintiff took no steps to collect the judgment for alimony until the ten-years limitation was about to expire, when she brought an action to renew it. Nor during this time did the defendant take any steps to secure a modification thereof. The defendant on

June 13, 1903, made and served his amended answer in the action, alleging, with other matters, that the plaintiff occupied a farm of two hundred forty acres belonging to him before she obtained title to the same by foreclosure, and that the reasonable value of such occupancy exceeded the amount due on the judgment for alimony; that he permitted her to have and hold certain personal property owned by him under the belief on his part that she would never demand payment of the alimony awarded her; and that the parties entered into a mutual agreement whereby, in consideration of certain concessions on his part of property rights, and his promise not to redeem from a foreclosure sale of his farm made on a mortgage owned by the plaintiff, and permit the title to become vested in her, she agreed not to enforce her alimony judgment, but to hold it satisfied in fact; and, further, that the defendant performed the agreement on his part. The reply put in issue these allegations of the amended answer, and alleged a former adjudication in plaintiff's favor as to the occupancy of the land and the possession of the personal property, and further that the avails and profits thereof were used by her, with the consent of the defendant, in the support and education of the minor children of the parties.

Afterwards, and on June 27, 1903, the defendant made a motion in the district court to modify the judgment of alimony by vacating it, and have it adjudicated in lieu thereof that the plaintiff recover no alimony. The motion was based substantially upon the facts alleged in his amended answer, and the fact of material changes in the pecuniary condition of the respective parties since the alimony judgment was entered. The motion was heard on the files and records in the action, and affidavits on behalf of the respective parties, and the court made its order denying the motion, from which the defendant appealed to this court.

Counsel for defendant in their brief exhaustively discuss the question of the power of the court to modify the judgment for alimony in this case, it being one in gross. It is the law of this state that the court awarding a judgment for alimony, whether it be for a gross amount or payable in instalments, has the power to modify such judgment on the application of either party, for good cause shown. G. S. 1894, § 4809; Barbaras v. Barbaras, 88 Minn. 105, 92 N. W. 522. The power, however, is to be exercised only upon clear proof of new

facts showing that the changed circumstances of the parties render the proposed modification equitable. The question of such modification is one largely within the discretion of the trial court. Semrow v. Semrow, 23 Minn. 214; Weld v. Weld, 28 Minn. 33, 9 N. W. 900; Smith v. Smith, 77 Minn. 67, 79 N. W. 648.

The defendant, however, claims that the trial court did not exercise any true discretion on the merits of his motion, because it held that the case was not within the purview of G. S. 1894, § 4809. The record does not justify the claim, for the order disposing of the motion is simply a general one, to the effect that the motion be denied. It is true that the memorandum of the trial judge, which is no part of the order, assigns as a reason, among others, for denying the motion, that,

> "So far as the matters set up in support of the motion are ground for relief, they were properly interposed as a defense to plaintiff's action on her judgment; and while that action is pending, and furnishes the fullest opportunity to litigate the conflicting claims of the parties, there can be no occasion to attempt to dispose of them on motion."

This is simply to the effect that matters set up in support of the motion, other than those which are properly interposed as a defense to plaintiff's action on the alimony judgment, do not justify a modification of the judgment.

The correctness of this conclusion of the court cannot be fairly questioned. It is manifest that matters properly interposed as a defense and at issue should be tried and determined in the action, and not on conflicting affidavits on the hearing of the motion. Now, if the plaintiff expressly or impliedly agreed that, if the defendant would not redeem from the foreclosure sale, she would hold the alimony judgment satisfied in fact, or if by her conduct in the premises she is equitably estopped from now enforcing its payment, such facts constitute a good. defense to the action, and they are properly interposed as a defense by the amended answer.

This leaves the question whether the other matters set up as a basis for the motion to modify the judgment, and the evidence in support thereof, were sufficient to require the trial court, as a matter of law, to grant such relief. We hold that they were not. It is an admitted fact

that the real and personal property of the defendant which he had at the time of the judgment have since been vested in the plaintiff. She at that time held a mortgage, which was given to her by her father, on the defendant's farm. She foreclosed the mortgage, and he, did not redeem, and she now owns the land, which has increased in value. Why he did not do so is a matter as to which the parties radically differ, and the controversy is now at issue in the action. As to the personal property, and the value of the use of the farm before the expiration of the period of redemption, the plaintiff claims that they were used, with the consent of the defendant, in the support of the children of the parties, and tenders the issue in her reply of res judicata as to the matter. Such being the record, the trial court was amply justified in denying the motion to modify the judgment.

Order appealed from must be affirmed, without prejudice, however, to the right of the defendant to rely upon all matters properly interposed as a defense in plaintiff's action on her judgment, precisely as if his motion to modify the judgment had never been made. So ordered.

Order affirmed.