# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

FRED A. GROSS and Others v. GUSTAV HAFEMANN.[1]

November 27, 1903.

Nos. 13,627—(126).

**Public Land—Contract by Entryman.**

A contract whereby a party about to enter land under the United States pre-emption act, in consideration of the payment by another of one-fourth of all expenses incurred by him in making final proof, agrees to pay over to such other person one-fourth of the amount derived from a sale of the land at its proper value after title is secured, is not prohibited by section 2262 of the pre-emption act.

Appeal by defendant from an order of the district court for St. Louis county, Ensign, J., overruling a general demurrer to the complaint. Affirmed.

Roger S. Powell, for appellant.

John E. Davies and Davis, Hollister & Wilson, for respondents.

COLLINS, J.

Plaintiffs and defendant entered into a written contract whereby plaintiffs agreed to bear one-fourth of the expenses incurred by defendant in making final proof under the United States pre-emption act to

[1] Reported in 97 N. W. 430.

91 M.—1

eighty acres of land in St. Louis county, while the defendant was to pay and did pay them $100 for locating him on the land. He further agreed to give to plaintiffs

> "One-fourth part of the price and proceeds that may be hereafter obtained for the sale of said lands after he has obtained title thereto from the United States, deducting the one-fourth expenses as above provided and can find a purchaser for, and sell the same, at its proper value."

The complaint set out this contract in full, and alleged that subsequently the defendant made final proof and received a patent to the lands from the government. That he thereafter sold the standing timber upon the land, and accounted to plaintiffs for one-fourth of the amount received, fully complying with the terms and conditions of the contract up to that time. . That subsequently, about ten years later, in the year 1902, he sold and conveyed the land to a third party for the sum of $22,500, and has failed and refused to pay any part thereof to the plaintiffs. The action was brought to recover the one-fourth part of the amount for which the land was sold as before stated. A general demurrer was interposed to this complaint, and it was overruled by the court below.

On appeal the single question presented is whether or not this agreement contravenes the terms of section 2262 of the Revised Statutes of the United States, which, in so far as pertinent here, reads as follows:

> "Before any person claiming the benefit of this chapter is allowed to enter lands he shall make oath before the receiver or register of the land district·in·which the land is situated * * * that he has not settled upon and improved such land to sell the same on speculation, but in good faith to appropriate it to his own exclusive use; and that he has not, directly or indirectly, made any agreement or contract, in any way or manner, with any person whatsoever, by which the title which he might acquire from the government of the United States should inure in whole or in part to the benefit of any person except himself. * * *"

The provisions of this section have frequently been before this court in cases where agreements had been entered into before final proof for the conveyance of all or part of the pre-empted land, and also in cases where attempts were made to recover money advanced on repudiated contracts of that character, and, it has been held universally that they are utterly void and incapable of becoming a foundation for any rights. St. Peter Co. v. Bunker, 5 Minn. 153 (192); Evans v. Folsom, 5 Minn. 342 (422); Bruggerman v. Hoerr, 7 Minn. 264 (337); Ferguson v. Kumler, 11 Minn. 62 (104). It has also been held that a mortgage upon such lands, executed after the pre-emptor had made his proofs, but before the patent issued, pursuant to a prior agreement, is void. McCue v. Smith, 9 Minn. 237 (252); Woodbury v. Dorman, 15 Minn. 272 (338). But in a later decision (Jones v. Tainter, 15 Minn. 423 [512]) such a mortgage was declared valid, expressly overruling the earlier cases. Since this decision, in 1870, the doctrine there announced, and which has become a rule of property in this state, has not been questioned. We shall not disturb it at this time, whatever may be our views as to the sufficiency of the reasoning or the soundness of the conclusion reached.

But to affirm here, we need not rely upon that case. The only agreement or contract forbidden by section 2262 is one by which the title to the pre-empted land may inure in whole or in part to the benefit of another person. This agreement is not of that character. The plaintiffs acquired no title or interest whatever in the land, and could acquire none. It was a personal contract, which could only be enforced as a personal obligation. The defendant as a pre-emptor had full and complete supervision over the title and the land, and plaintiffs had no voice in its disposal. The plaintiffs had no claim or lien upon the land, and no contract for it. The prohibition is upon the making of any contract or agreement by which the title acquired will inure in whole or in part to the benefit of another person. This is the kind of an agreement or contract which is denounced, and no other. The statute is not violated by an agreement of some other character. When construing section 2 of the congressional timber and stone act of June 3, 1878 (20 St. 89, c. 151 [U. S. Comp. St. 1901, 1545]), a statute worded substantially the same as section 2262, R. S. U. S., the Supreme Court used language strictly in point, saying: "The act does not in any respect limit the

dominion which the purchaser has over the land after its purchase from the government, or restrict in the slightest his power of alienation. All that it denounces is a prior agreement, the acting for another in the purchase. If, when the title passes from the government, no one save the purchaser has any claim upon it or any contract or agreement for it, the act is satisfied." U. S. v. Budd, 144 U. S. 154, 12 Sup. Ct. 575. See also Kingston v. Eckman, 22 Land Dec. Dep. Int. 234; Dawson v. Higgins, 22 Land Dec. Dep. Int. 544. While these decisions of the Secretary of the Interior have not the force of judicial opinions, they are a construction of the law made in the department to which is confided its execution and enforcement, and they are directly in point here.

We do not regard Wolford v. Farnham, 44 Minn. 159, 46 N., W. 295, as having a bearing upon this case. The express agreement there was, as alleged in the complaint, that Mr. Farnham should hold a one-third interest in the land for Mrs. Farnham until it should be sold, and then that the proceeds should be paid over to her. From a very specific allegation it appeared that Farnham had and held the title to property actually owned by Mrs. Farnham. He held the bare legal title, and the entire beneficial interest, including all rents, profits, and proceeds, was her property. In this case the defendant held the title for himself, with full and free dominion over the land, and with an unqualified power to dispose of it at will. Neither the title to the land nor the land itself was affected by defendant's personal obligation to pay over to plaintiffs one-fourth of such sum as he might sell for.

Order affirmed.