## OLGA VON W. HASKELL v. WILLIAM E. HASKELL.[1]

November 3, 1911.

Nos. 17,328—(54).

**Alimony — modification of judgment.**

The court awarding a judgment for alimony, whether such alimony be payable in a gross amount or in instalments, has authority to revise or modify such judgment upon application of either party for good cause shown.

**Same — evidence of change of fortune.**

A judgment for alimony, directing the payment of an annual allowance for the support of the wife and minor children, may be modified upon proof of facts showing a substantial change in the financial circumstances of the party required to pay such allowance, or of the party receiving the same.

**Same — bond to secure future payments.**

The fact that a party was required by a judgment for alimony to give a bond to secure the required future payments does not change the rule permitting a modification of the judgment for alimony, if such modification is made equitable by a substantial change in the circumstances of the parties.

**Discretion of court — denial of application without prejudice.**

An application to modify such judgment is addressed largely to the discretion of the trial court. Where the court denies an application without prejudice to the renewal thereof, the inference arises that the court did not determine the merits of the application, but denied the same upon matters of form.

[1] Reported in 132 N. W. 1129.

Motion in the district court for Hennepin county to amend a judgment awarding alimony to plaintiff. The motion was heard by Steele, J., who denied the motion. From the order denying his motion, defendant appealed. Reversed.

*Kerr & Fowler,* for appellant.

*Koon, Whelan & Hempstead,* for respondent.

SIMPSON, J.

This is an appeal from an order denying a motion for the modification of a judgment awarding alimony in a divorce action. The judgment was entered in 1905 on complaint of the respondent. She was granted an absolute divorce, and was given the custody of four minor children. The judgment further provided:

"It is further ordered, adjudged, and decreed that plaintiff is entitled to have and receive by way of alimony out of the estate of said William E. Haskell, defendant, and said defendant is hereby ordered and adjudged to pay to the plaintiff, the sum of five thousand ($5,000) dollars per annum from the date hereof, so long as plaintiff shall remain unmarried, for the support and maintenance of plaintiff, and the support, education and maintenance of the said children of plaintiff and defendant, and that the same be paid in equal quarter yearly payments, in advance, on the first days of May, August, and November, in each year, the first payment to be made February 1, A. D. 1903. The payment of the money hereby awarded and adjudged to be paid is in lieu of plaintiff's right of dower, or other interest, in defendant's estate. And it is further ordered, adjudged, and decreed that in the case of the marriage of plaintiff while any of the children hereinbefore named are under the age of twenty-one (21) years, defendant shall pay to each of said children, until they shall respectively attain the age of twenty-one (21) years, or to a trustee, for their use and benefit, to be appointed by the court, or agreed upon by the parties hereto, the sum of one thousand dollars ($1,000) per annum, payable quarter yearly, in advance, from the date of the marriage of said plaintiff until the child so entitled to the same shall become twenty-one (21) years of age: Provided, however, that if the said Celia Elizabeth Haskell shall marry before arriving at the age of twenty-

one (21) years, the payment of any money which she would otherwise be personally entitled to receive hereunder shall cease and determine upon her marriage. And it is further ordered, adjudged, and decreed that said defendant give to the plaintiff security for the payment of said sum or sums of money hereinbefore adjudged to be paid by him, in manner and form, and with surety satisfactory to, and approved by, the attorney of said plaintiff, or running to the clerk of said court, to be approved by one of the judges thereof."

The required bond was given and all payments have been made as required up to the time the motion for a modification of the order was made. The motion of the appellant for a modification of the provisions of the judgment as to future payments was based upon the files in the action and an affidavit of the appellant.

It is made to appear by this affidavit that at the time of the decree the appellant was a man of large financial means, with an income exceeding $15,000 a year; that since that time, through the failure of a newspaper in which he was a large stockholder, he has lost all his property, except property not exceeding in value $2,000, and that at the time of making the affidavit he was indebted to the extent of $600,000; that he was out of employment, and had no present income, and no means of paying the amount required by the decree to be paid to the respondent. It is further made to appear that in addition to the annual payment of $5,000 a year, required to be made to respondent by the terms of the judgment, appellant gave her cash and property aggregating in amount and value upwards of $33,000; that the respondent has large property holdings and interests of her own, from which she receives an income separate and apart from property and income given her by the appellant. It further appears that two of the four minor children have arrived at majority; that a third son, although still a minor, has left school and is able to support himself.

No opposing affidavits were filed or presented on behalf of the respondent.

The court, by its order, denied the motion "without prejudice to the making of any other motion or motions in the premises, whether

like unto this one or otherwise." The ground of the court's refusal to grant the motion is not stated in the order or in a memorandum.

Under the statute of this state the court awarding a judgment for alimony, whether such alimony be payable in a gross amount or in instalments, has undoubted authority to revise or modify such judgment. This power may be exercised upon the application of either party for good cause shown. A substantial change from the situation that prompted or made proper the terms of the original decree justifies a change in those terms. An application for such change or modification is addressed largely to the discretion of the trial court. This authority of the court existed at the time the decree here involved was entered. Section 4809, G. S. 1894; section 3592, R. L. 1905; Holmes v. Holmes, 90 Minn. 466, 97 N. W. 147; Bowlby v. Bowlby, 91 Minn. 193, 97 N. W. 669; Barbaras v. Barbaras, 88 Minn. 105, 92 N. W. 522; Smith v. Smith, 77 Minn. 67, 79 N. W. 648; Weld v. Weld, 28 Minn. 33, 8 N. W. 900; Semrow v. Semrow, 23 Minn. 214.

Such being concededly the authority of the court, two questions are involved in this appeal:

First, does it clearly appear that the circumstances of the parties have so changed that a modification of the decree is equitable? and

Second, did the trial judge consider the facts showing the circumstances of the parties and determine that thereby no case was made on the merits requiring a modification of the order, and, if so, was the denial of the motion fairly within the limits of the discretion of the trial judge?

In considering the questions thus presented, the facts, as stated in the affidavit, not being inconsistent or improbable, and not being disputed, must be taken as true. It appears, therefore, that there has been a very substantial change in the situation of the parties since the entry of the judgment, both as to the financial ability of the appellant to pay an annual allowance of $5,000, and the needs of the respondent for an annual payment in that amount for the support of herself and minor children.

It is clear, therefore, that facts were shown making a modification of the judgment not only justifiable, but required under the

established rule, unless the fact that a bond was furnished to insure payment of $5,000 annually by the appellant makes the general rule so far inapplicable that a change in the financial circumstances of the appellant does not warrant a modification of the judgment. Counsel for respondent urges that, the sureties on appellant's bond being obligated to make this payment, a change in the financial circumstances of appellant furnishes no basis for a modification of the order; that such change is the very contingency in anticipation of which the bond was required by the court. Such is not, in our opinion, the force or effect of the requirement contained in the order that a bond be given. The bond was required by the court to insure compliance with the judgment—not to insure against a change in the judgment.

The appellant was, at the time of the trial, a resident of the state of New York. Such nonresidence may have prompted the requirement of security. The court found upon the trial as facts that the respondent herein had no money or property of her own with which to support herself and educate her children, and that the appellant herein was possessed of sufficient property and income to justify the court in requiring him to pay to the respondent, for the support of herself and children, the sum of $5,000 per year. The court might have found the amount of appellant's property and required the immediate payment of a certain amount as alimony. It did not do this, however. It directed the payment of an annual allowance based, in part at least, on probable future income.

The requirement of a bond securing the payments the court determined to be reasonable in view of the then situation of the parties as found did not in any way indicate that it was intended that a change in that situation would not warrant a change in the amount properly payable for the support of respondent and the children. In fact, the court provided that one change—the marriage of the respondent—would effect a change in the allowance thereafter required from the appellant. Nothing indicates that the court intended to prejudge the effect of other changes that might occur. Compliance with the order of the court could have been secured by the deposit of securities. Such segregation of a part of appellant's property

would not have made the amount of the allowance payable any the less subject to modification. A change in the situation of the parties, even though out of the segregated property the allowance might still be paid, would warrant a change in the required allowance.

We conclude, therefore, that it was the duty of the trial court to consider the changed situation of the parties, the change in income and financial ability of the appellant, and the change in the needs of the respondent, and in view of such changed situation to determine what reduction, if any, should be made in the amount of required future payments. It was not necessary that the sureties on the bond be made parties to the application for a modification of the judgment. The sureties are not entitled to a hearing upon the question of the alimony properly payable to the respondent. Upon the determination of the application for a reduction, the court may require such security as seems proper as a condition of the modification of the judgment.

It thus appearing that the application, as made, called for the determination by the trial court of the question whether the changed situation of the parties made just and equitable a reduction in the amount of the required future payments, the question arises: Did the court, by its denial of the application, determine that question adversely to the applicant on the merits? The form of the order indicates strongly that the court did not pass upon the merits of the question. If the court had denied the application on the merits, the provision that the denial be without prejudice "to the making of any other motion or motions in the premises, whether like unto this one or otherwise," would be meaningless. Such provision was not necessary to preserve the right to make a new motion, based on a changed situation. It must have been intended to permit a renewal of the present motion in a changed or modified form, without a change in the situation of the parties. It is a fair inference that the trial court denied the motion on one or the other of the grounds here urged by the respondent in support of the order. The appellant was entitled on the present motion to a determination by the trial court of the question involved on the merits.

The order is reversed, and case remanded to the district court, to be disposed of in accordance with the foregoing decision.

Reversed.

LEWIS, J. (dissenting).

I cannot avoid the conviction that the allowance decreed to be paid in this case was intended to be permanent under the provisions of section 3590. Indeed, the judgment specifically states that the payment of money awarded and adjudged to be paid was in lieu of plaintiff's right of dower or other interest in defendant's estate. When the award to the wife out of the husband's estate is a definite amount and intended to be final, the revision authorized by section 3592 does not apply. The payment of the money annually to the wife while she remained unmarried, and the amount specified to be paid for the care and education of the children, was based upon the ability of the husband at that time; and the fact that he subsequently became insolvent, or that the wife has accumulated property, are matters which cannot subsequently be considered.

If the husband's income from professional services cannot be considered in determining the amount of his estate, then, after such permanent and aggregate award is made, her allowance cannot be increased by reason of his subsequent changed conditions for the better. I apprehend that, if the plaintiff had been successful in business and had accumulated one million dollars, the wife would be powerless to have the amount increased. For the same reason his bondsmen should not be permitted to plead his subsequent poverty, in order to secure a release from the obligation entered into when her interest in his estate was determined by the final judgment. Wilson v. Wilson, 67 Minn. 444, 70 N. W. 154.

I therefore dissent, on the ground that the trial court possessed no discretion to alter the judgment.