## SIGNE CLARIZIO v. ATTILIO CASTIGLIANO.[1]

January 14, 1938.

No. 31,391.

[1]Reported in 277 N. W. 262.

*Roy E. Rendahl* and *Arthur T. Nelson,* for appellant.
*McMeekin & Quinn,* for respondent.

HILTON, JUSTICE.

In a contested action, plaintiff was granted a divorce from John Clarizio on the ground of cruel and inhuman treatment. In the decree, dated June 15, 1935, the husband was ordered forthwith to pay the plaintiff $1,200, which "shall be in lieu of any claim for temporary or permanent alimony or support money for said plaintiff." Upon entry of the decree, Clarizio paid the specified amount, and was given a receipt releasing him from all claims for temporary and permanent alimony and support money.

On August 21, 1936, John Clarizio died intestate, and October 20, 1936, Attilio Castigliano, the acting royal Italian consul for the state of Minnesota, was appointed administrator of his estate. In the petition for administration it is stated that at the time of his death Clarizio was the owner of property exceeding $20,000 in value. The record shows that at the time of the trial Clarizio disclosed the existence of only $5,300 worth of personal property, $3,500 being in the form of a certificate of deposit in the Commercial State Bank of St. Paul. By perjury, he succeeded in concealing his ownership of a $3,068.05 deposit in the American National Bank of St. Paul and a substantial deposit with the Schmidt Brewing Company of that city.

January 12, 1937, plaintiff moved to have the administrator of the estate substituted as defendant for the purpose of taking additional testimony relative to the property of Clarizio and to secure a modification of that part of the decree awarding her $1,200 as permanent alimony. The motion was denied, as was also a subsequent motion to amend the former order denying the original motion. This appeal resulted.

We pass without decision the question of whether the court below had the power, after the death of the defendant, to modify its decree fixing the property rights of the parties, because we are of the opinion that even though such power exists there was no abuse of discretion in refusing to grant plaintiff the relief asked in these proceedings.

The modification of a prior alimony allowance is authorized by 2 Mason Minn. St. 1927, § 8603, and rests in the sound discretion of the court. Haskell v. Haskell, 116 Minn. 10, 132 N. W. 1129; Warren v. Warren, 116 Minn. 458, 133 N. W. 1009. This authority is to be exercised cautiously and only upon new facts occurring after the judgment, or upon facts existing before the judgment of which a party was excusably ignorant at the time when the judgment was rendered. Semrow v. Semrow, 23 Minn. 214; Weld v. Weld, 28 Minn. 33, 8 N. W. 900; 2 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934, 1937) § 2805.

The facts upon which plaintiff bases her right to a modification in these proceedings all existed at the time the decree was entered. But she claims that her ignorance thereof was excusable, in view of the perjury committed by deceased. The memorandum of the judge below indicates that he was not of this view.

In her verified pleadings plaintiff alleged that the deceased was the owner of considerable personal property and had money on deposit in various St. Paul banks. These allegations were denied by him. The amount of deceased's income and property was a clearly defined issue under the pleadings, and plaintiff had full warning of what he would claim. She was required to make at least a reasonable effort to ascertain the extent of his property holdings and prove her case. This she failed to do. Except for proving the existence of the certificate of deposit owned by him, she made no attempt to secure evidence as to the other accounts and property of her husband. She knew that deceased had business dealings with the brewery. He rented his business property from it and he claimed to owe it six months' rent. She also knew that he was not being frank about his property. He testified that he did not own any real or personal property or have any bank account, but

after a disclosure by the comptroller of the Commercial State Bank deceased admitted ownership of the $3,500 certificate of deposit. All of his testimony relating to his property holdings was obviously evasive. Any reasonable investigation of facts known to the plaintiff would have revealed the existence of the concealed accounts.

The American National Bank is one of the largest in St. Paul, and plaintiff's pleadings indicate that she knew deceased had money in various banks in that city. She made no inquiry at the brewery about the condition of his account, nor did she attempt to discover and produce evidence of her claim that he had accounts in various St. Paul banks.

The record indicates a lack of diligence on the plaintiff's part. She had within her means an opportunity to discover the property he failed to disclose which she claimed he owned. Had she made any effort to secure that information, she probably would have been rewarded in ample time to present it at the trial before entry of the final decree, or at least in time seasonably to move the court for proper relief. Instead, with full knowledge of what the deceased would claim, and of the fact that he was not being frank in his disclosure, she chose to place almost complete reliance thereon, make little or no effort on her own behalf, and ignore entirely the means at hand for proving her own claims and thus protect herself. The situation is similar to that where an attempt is made to secure a new trial on the ground of newly discovered evidence. The party seeks to present material evidence of which he was justifiably ignorant at the time of trial. A lack of diligence and effort in attempting to discover and produce that evidence at the former trial is a bar to relief by way of a new trial later. Plaintiff's lack of diligence may also preclude her from the relief sought in these proceedings. The lower court's memorandum indicates that rights of Clarizio's creditors have intervened. It cannot be said as a matter of law that her ignorance was excusable and that there was an abuse of discretion in refusing to grant relief sought at this time.

We do not hold that in divorce actions the wife may never rely upon her husband to make a frank disclosure of his property holdings or other facts peculiarly within his knowledge. Neither do we

hold that she is bound to exhaust every possibility in an attempt to discover that property. The circumstances may be such that the wife would be justified in relying entirely on her husband's disclosure without making any search. That is not the situation here. Plaintiff was not relieved from the burden of proving her case, and was required to use reasonable diligence in the preparation and submission thereof.

Affirmed.

