JOHN J. AND BERTHA O. BARNDT v. CHARLES SEARLE.[1]

January 28, 1938.

Nos. 31,691, 31,692.

[1]Reported in 277 N. W. 363.

*William H. Freeman,* for appellant.
*Lamberton & Lamberton,* for respondents.

LORING, JUSTICE.

Two cases. Both plaintiffs were injured in the state of Wisconsin in the same automobile accident, which occurred on a highway which runs north from the bridge over the Mississippi River at Winona. Both plaintiffs had verdicts, and the defendant moved for judgments notwithstanding the verdicts but not for new trial. Judgments were entered and appeals taken therefrom.

Both plaintiffs were riding in the defendant's car as guest passengers, and there is no charge of contributory negligence against either, nor is there a claim that the accident was due to any defect in the defendant's car or that he was an unskilled driver. Consequently the Wisconsin law relative to the rights, duties, and responsibilities of a guest passenger has no bearing upon the decision of this case. The charge against the defendant is that he recklessly encountered an obvious danger which a proper lookout on his part would have disclosed in time to avoid. He collided with another car under the following circumstances: October 18 was a clear, sunny day. Between 5:30 and 6:00 o'clock on the afternoon of that day, he was driving north on a paved highway which leads from the Winona bridge into Wisconsin. Immediately after leaving the bridge there is a slight curve in the road, but from there north there is a straight stretch at least 2,700 feet long. It was midway of this stretch of straight road that the collision occurred. A car designated in the record as a "Wisconsin car" was driven from the north toward Winona, and the evidence tends to show that the driver of that car was intoxicated and that he permitted the car to

weave back and forth across the center of the highway several times as he approached the defendant's car. Other cars were behind him, and these cars, in which some of the witnesses were riding, refrained from passing him because of the danger of a collision. There were two, three, or four cars ahead of the defendant, the closest one being about 100 feet ahead of him. According to one of the witnesses, when the driver of the Wisconsin car got within about 70 feet of the defendant's car, he began to weave toward the wrong side of the road and into the path which defendant's car was being driven upon. The evidence tends to show that both cars were going at about 30 miles an hour, that neither the defendant nor the drunken driver decreased speed as they approached each other. The defendant did not turn out toward the right curb, although there were some four or five feet between him and that curb and a four-foot gravel shoulder outside the curb. When the cars collided the left front wheel of each came into violent contact with the other. Plaintiff John J. Barndt was riding in the front seat with a young boy sitting on his lap. His vision was interfered with by the boy's hat. Plaintiff Bertha O. Barndt was sitting in the rear seat. At the time of the collision it was just getting dusk, but some witnesses said that lights were not necessary. The sun set at 5:24 p. m. The defendant says that he was looking down the road and that if the Wisconsin car had been weaving he would have seen it, but that he did not observe the car until he was within about 20 feet of it and it was then too late for him to avoid a collision either by putting on his brakes or turning to the right. His statements are obviously inconsistent with the testimony for the plaintiffs as well as inconsistent with each other. We are bound to view the testimony in its aspect most favorable to the verdicts. So regarded, we think there is ample evidence of conduct on the part of the Wisconsin car which should have advised the defendant of the condition of its driver and of the hazards to which such condition exposed the defendant and his guests. Some of the cars ahead of the defendant had slowed and turned to the extreme right to avoid the Wisconsin car. On cross-examination, one of the

witnesses for the plaintiffs who was following behind the Wisconsin car, referring to the defendant's car, stated:

Q. "And you observed it coming at a speed of about 30 miles an hour?

A. "Yes.

Q. "And the operator of the car that has been referred to as the Wisconsin car, it was quite evident to you that its operator was either intoxicated or at least had something else wrong with him, wasn't it?

A. "Yes.

Q. "The car was all over the road, wasn't it?

A. "Yes.

Q. "First on one side, then on the other, and then down the center of the road, is that right?

A. "Yes, he wavered from one side of the road to the other.

Q. "And you also observed others being on the lookout for him as well as yourself?

A. "Yes.

Q. "You observed one that just didn't dare go by him, is that right?

A. "Yes.

Q. "And that was on account of the way he was driving all over the road?

A. "Yes."

This, in connection with defendant's testimony, is sufficient to sustain the charge of negligence.

Judgments affirmed.