ALBERT C. HAGEN v. FLORENCE F. HAGEN.[1]

May 22, 1942.

No. 33,186.

[1]Reported in 4 N. W. (2d) 100.

*Christensen & Ronken,* for appellant.
*A. H. Clemens,* for respondent.

JULIUS J. OLSON, JUSTICE.

The parties to this suit, both being represented by able counsel, were divorced in 1937. In the decree of divorce this appears: "That the parties hereto have effected a full and complete settlement between themselves of all their property rights and as to all matters pertaining to support money and alimony," all as stated in the findings; and that the settlement between the parties as to their property rights "shall be binding and effective upon both the plaintiff and defendant herein." Judgment was to "be entered accordingly." It was so entered and has been adhered to until the present proceeding was commenced by plaintiff, who now claims that in the original suit defendant and her attorney represented that she "would always be an invalid and unable to work" and that upon that basis "the parties entered into a settlement of their property" rights; that he is now "informed and believes that defendant has fully recovered from her illness" and is able to perform "any reasonable work," since she "now is and for some considerable time has been keeping house for her mother and sister." Upon this affidavit the court issued an order to show cause. Both parties appeared before the court, defendant having by proper pleading denied the allegations upon which the order to show cause was issued. From an order substantially modifying the decree, defendant appeals.

The present record establishes that plaintiff had a monthly salary income of $458.50 at the time the original decree was entered. That has since been increased so that he is now receiving $500 per month, a change in that respect for the better. He has, however, remarried, a change which naturally has brought added responsibilities. With respect to defendant's physical condition, her

testimony is that she is in the same situation as she was before and at the time of the granting of the decree. There is no denial of her testimony. Even plaintiff's testimony cannot be said to be of any aid in respect to what he now claims.

1. We have held in many cases that to warrant a modification of allowance fixed by a divorce decree "there must be proof of such a substantial change in the situation of the parties from that in which they were when the decree was rendered as to justify a modification." Quist v. Quist, 207 Minn. 257, 259, 290 N. W. 561, 562. The cases are cited in 2 Dunnell, Dig. & Supp. § 2805. Especially helpful on this phase are those cited in *Id.* Supp. § 2805.

2. The authority of the court to modify alimony allowance is by virtue of Mason St. 1927, § 8603. "This authority is to be exercised cautiously and only upon new facts occurring after the judgment, or upon facts existing before the judgment of which a party was excusably ignorant at the time when the judgment was rendered." Clarizio v. Castigliano, 201 Minn. 590, 592, 277 N. W. 262, 263. And in such a case there must be diligence exercised by the moving party since (201 Minn. 593, 277 N. W. 263) "a lack of diligence and effort in attempting to discover and produce that evidence at the former trial is a bar to relief by way of a new trial later." See cases cited under note 75, 2 Dunnell, Dig. & Supp. § 2805a.

3. Plaintiff's second marriage was his voluntary act. He had a right to remarry. But that is "not a circumstance which warrants a modification of allowances in a divorce decree. * * * Such allowances have a fixed and prior claim on the earnings of the divorced husband." Quist v. Quist, 207 Minn. 257, 259, 290 N. W. 561, 562.

4. From what has been recited, it is plain that plaintiff cannot now go behind a decree entered pursuant to his own solemn agreement, approved by his counsel, and determined by the court when this matter was initially heard and decided. He may not now, under the guise of a modification, ask for a new trial. No fraud or inadvertence is charged by anyone in the procurement of the

decree. Therefore, since plaintiff has wholly failed to make any showing justifying a modification, we think the court erred in striking down any part of the original decree. Under its terms, in the event that plaintiff's income should be reduced because of illness or reduction of salary, the wife's alimony payments were not to exceed 40 per cent of "plaintiff's total gross income," and "if plaintiff's total gross income shall thereafter be increased, then the payments shall be increased accordingly, until they reach the amounts first above described." Thereby defendant was awarded $125 per month over a period of five years; thereafter, $110 per month. As changed by the present order, the $125 per month was to end February 1, 1942; thereafter and until August 1, 1942, $100 per month; and later $75 per month "until the further order of this court." We think plaintiff is not unduly burdened by the requirements of the original decree.

5. The modification being without support, the order must be reversed and the original decree allowed to stand. Defendant will be allowed $100 attorney's fees in this court, plus her statutory costs and disbursements.

Reversed.

MR. JUSTICE STONE, absent because of illness, took no part in the consideration or decision of this case.

