## SUZANNE RYAN BISSELL v. JOHN BOLLES BISSELL.

191 N. W. (2d) 425.

October 29, 1971—No. 42354.

*Richard W. Greeman,* for appellant.

*Lindquist & Vennum, Norman L. Newhall,* and *Michael E. Murphy,* for respondent.

Heard before Knutson, C. J., and Nelson, Peterson, Kelly, and Odden, JJ.

KELLY, JUSTICE.

This is an appeal from an order of the district court amending a decree of divorce with respect to the amount of alimony and support money required of defendant. The only question for determination is whether the trial court was justified in modifying the divorce decree by reducing the alimony payments. Since we find no abuse of discretion in the trial court's modification of the decree, we must affirm.

Plaintiff, Suzanne Bissell, filed for divorce from defendant, John Bolles Bissell, on the grounds of cruel and inhuman treatment. The divorce decree was granted in February 1965, and plaintiff was awarded assets with a value of around $70,000, which appears to be approximately half of the assets. Custody of the couple's four minor children was given to plaintiff and defendant was ordered to pay $75 per month per child for support. In addition, defendant was ordered to pay $500 per month as alimony payments and pay the premiums on his wife's life insurance policies which amounted to about $500 per year.

After the commencement of the divorce action, plaintiff met Mr. William Austin. Several years later, Austin moved his business into the basement of plaintiff's home and ran his business from there for more than a year. During that year and since, Austin has stayed at plaintiff's home and lake home a number of times. Plaintiff's daughter, in response to a question concerning the frequency of Austin's presence at plaintiff's home, stated that she "saw him there about every day." She also testified that she and her mother did Austin's laundry and ironing and

that Austin kept a razor, toothbrush, and clothes in plaintiff's home. Several neighbors testified that they observed Austin's car at plaintiff's home "about as often as any of the other families husband's car was at their home."

Austin testified that he often took plaintiff out to dinner during 1967 and 1968, and that he stayed at plaintiff's home "frequently after midnight" and "several times" overnight. Both plaintiff and Austin admitted that they took an 8-week vacation together to Florida in the winter of 1969. Plaintiff has received gifts valued near $11,000 over a period of 2 years from Austin.

Defendant stopped alimony payments in August 1969. On September 16, 1969, defendant served upon plaintiff a notice of motion and motion wherein defendant sought to eliminate the $500 alimony payments to plaintiff and demanded that all alimony paid to plaintiff since the time she started living with William Austin be returned. Plaintiff moved the court for an order holding defendant in contempt of court for his failure to pay alimony and requested a modification of the divorce decree whereby alimony of $500 per month be increased to $1,000 per month and that support payments for the minor children be increased from $75 per month to $150 per month for each child in plaintiff's custody. After a hearing, the trial court ordered that the alimony be reduced from $500 to $200 per month and the support for the minor child still living with plaintiff be increased from $75 per month to $150 per month. Plaintiff appealed.

Rule 52.01, Rules of Civil Procedure, provides that, upon review of findings made by a court sitting without a jury, the trial court's findings "shall not be set aside unless clearly erroneous." State, by Head, v. Paulson, 290 Minn. 371, 188 N. W. 2d 424 (1971). Without detailing the evidence any further, we conclude that the findings of the trial court are supported by substantial evidence in the record.

Minn. St. 518.64 provides:

"After an order or decree for alimony * * *, the court may

from time to time, on petition of either of the parties revise and alter such order or decree respecting the amount of such alimony, or support money, and the payment thereof, * * * and may make any order respecting these matters which it might have made in the original action * * *."

Modifying an award of alimony is a discretionary power which is to be exercised cautiously and only upon clear proof of facts showing that a substantial change in the circumstances of the parties renders the modification equitable. Mark v. Mark, 248 Minn. 446, 80 N. W. 2d 621 (1957); McKey v. McKey, 228 Minn. 28, 36 N. W. 2d 17 (1949). An application for a modification of a decree for alimony or maintenance on the ground of a change in the financial circumstances or needs of a party is addressed to the sound discretion of the trial court. Senn v. Senn, 254 Minn. 294, 95 N. W. 2d 27 (1959); Warren v. Warren, 116 Minn. 458, 133 N. W. 1009 (1912); Haskell v. Haskell, 116 Minn. 10, 132 N. W. 1129 (1911); Id. 119 Minn. 484, 138 N. W. 787 (1912); Holmes v. Holmes, 90 Minn. 466, 97 N. W. 147 (1903).

It is obvious with respect to alimony the court may take into consideration a variety of factors. It is for this reason that this court is reluctant to reverse the trial court's determination on this issue unless the evidence clearly shows that there has been an abuse of discretion.

Whether a particular order should be modified depends on the facts and circumstances of the particular case. There is no doubt that a change of circumstances of the parties with respect to the husband's ability to support the wife or the wife's need for such support is sufficient to modify a divorce decree.[1] It should be

---

[1] The trial court found that Austin over the past 2 years gave plaintiff gifts of a total value in excess of $11,000. The court's conclusion of law included the following statement: "By reason of plaintiff's continuing misconduct, the alimony required of defendant should be reduced * * *." The trial court's determination that plaintiff was guilty of misconduct, although prefacing the conclusion that alimony should be reduced, is undoubtedly a finding of fact. "* * * [A] fact found by the

noted that a "favorable change in the financial circumstances of the divorced husband, without a proved change in the financial needs of a divorced wife or the children of the parties in her custody, is not sufficient to justify a change in alimony or child support provisions of a divorce decree." Kaiser v. Kaiser, 290 Minn. 173, 174, 186 N. W. 2d 678, 680 (1971).

No abuse of discretion has been shown here. There is no evidence whatsoever in the record indicating any change in the husband's ability to support the wife. But on the other hand, with respect to plaintiff's need for his support, there is testimony, previously alluded to, that Austin gave her gifts totaling more than $11,000 over a period of 2 years, which is close to the amount of money that defendant paid in alimony over the same period.

We do not decide in this case whether the existence of a meretricious relationship between the wife and Austin is, in itself, a sufficient ground for a reduction in alimony. But the fact of that relationship and the fact that Austin gave plaintiff $11,000 worth of gifts combined to produce a substantial change in circumstances which would justify a reduction in alimony. Martens v. Martens, 211 Minn. 369, 1 N. W. 2d 356 (1941); Wilhelm v. Wilhelm, 201 Minn. 462, 276 N. W. 804 (1937); Lindbloom v. Lindbloom, 180 Minn. 33, 230 N. W. 117 (1930).

Affirmed.

MR. JUSTICE MURPHY took no part in the consideration or decision of this case.

---

court, although expressed as a conclusion of law, will be treated upon appeal as a finding of fact." Graphic Arts Educational Foundation, Inc. v. State, 240 Minn. 143, 145, 59 N. W. 2d 841, 844 (1953).