**Roger CLAYBAUGH, petitioner, Appellant,**

v.

**Myrna CLAYBAUGH, Respondent.**

**No. 50343.**

Supreme Court of Minnesota.

Nov. 25, 1981.

Alton, Severson & Sovis, Apple Valley, Richard T. Oakes, St. Paul, and Reese E. Chezick, Apple Valley, for appellant.

Richard G. Nadler, St. Paul, for respondent.

OTIS, Justice.

The petitioner Roger Claybaugh appeals from the amended judgment and decree of

marital dissolution and from an order denying his motion for reconsideration. We remand for additional findings.

At the time of the original judgment and decree, the parties had entered into a stipulation dated April 8, 1977, and amended April 23, 1977. By its terms, the appellant-husband was awarded title to the parties' homestead, which had a fair market value of approximately $40,000, subject to a mortgage and an additional encumbrance totalling $11,588.26. The respondent Myrna Claybaugh was awarded the cash sum of $12,900 payable in weekly installments of $100, subject to a $2,500 advance. She waived all alimony.

The stipulation was executed at a time when respondent was not represented by counsel. Respondent's attorney had withdrawn and did not appear at the scheduled hearing. The district court recognized that respondent was without counsel and therefore conducted a lengthy and specific investigation relating to her knowledge and acquiescence in the stipulation. The record reflects the court's insistence that she fully understand the nature and scope of the stipulation.

By order dated June 3, 1977, the district court approved and adopted the amended stipulation. By the terms of this judgment, the respondent was not awarded spousal maintenance. A judgment and decree of marital dissolution was entered.

Thereafter on December 23, 1977, the respondent moved for an order vacating this judgment and decree upon the ground that the appellant had coerced and unduly influenced her into executing the original stipulation and that it was therefore fraudulent, inequitable, unjust and unconscionable.

A hearing on this motion was conducted by a referee of the district court who issued detailed findings that were approved by the district court on November 6, 1978. The referee recommended, and the district court agreed, that the original trial court had conducted an intensive investigation and had ascertained that both parties were fully aware of the present value of all assets in their possession and of all criminal charges and civil proceedings then pending against the respondent. In fact, as the referee noted in the findings approved by the district court in connection with respondent's motion to vacate, the original trial court specifically discussed with the parties:

whether or not this 20-year marriage and the Stipulation involving the property division and a waiver of alimony was fair and provident under the existing circumstances. The Court was advised by the respondent that "it's something I'm going to have to live with. I'm under too much pressure and I have to go ahead with this." That the pressure included the pending dissolution, the fact that the respondent had entered a plea of guilty to the felony charge of embezzlement and was awaiting sentence, and the fact that there was a pending civil lawsuit to recover monies embezzled by the respondent. That the Court provided the parties with a recess during the hearing in order to further negotiate a sum of money provided in Paragraph M of the original Stipulation to be paid by petitioner to the respondent; that the parties increase the amount from $500.00 to $800.00 and initialed the Stipulation after the hearing resumed, in the Court's presence.

Respondent's motion to vacate was denied on the basis that she had failed to prove that any fraud, misrepresentation or misconduct existed on the part of the appellant inducing her to improperly or improvidently enter into the stipulation. The court found, however, that the stipulation failed to encompass the appellant's interest in a pension-profit-sharing plan, valued at approximately $9,228 as of October 1977 and it therefore awarded the respondent one-half interest in this asset.

The respondent then sought reconsideration of the November 6, 1978 order. On this occasion, the district court, by order dated February 20, 1979, summarily concluded that "petitioner (appellant) obtained a waiver of alimony from respondent by duress and overreaching;" that the profit-sharing plan was not disclosed to the respondent and did not form a part of the

property settlement; that the referee erred in computing the present value of the pension plan and in not making a present award from the present value; and that in all other respects the original award was fair and reasonable.

Pursuant to these findings, the court vacated the original judgment and decree and scheduled a hearing to consider questions relating to the payment of joint debts, the award of spousal maintenance and the present value of the appellant's pension plan. After the hearing, the district court directed the appellant to pay to the respondent $500 per month as spousal maintenance commencing September 15, 1979 and continuing through September 15, 1982; awarded the custody of the minor child to the respondent, subject to reasonable visitation; and directed that the appellant pay an additional $4,668 as a property settlement, representing one-half of his interest in the profit-sharing plan as of December 31, 1977.

The appellant's motion for amended findings was denied and this appeal followed.

■ Minn.Stat. § 518.64 (1980) authorizes the district court to examine the provisions of an order or decree respecting maintenance. However, when a stipulation fixing the respective rights and obligations of the parties is central to the award, the trial court reviewing the original order or decree should view it as an important element because it represents the parties' voluntary acquiescence in an equitable settlement. *Ramsay v. Ramsay*, 305 Minn. 321, 233 N.W.2d 729 (1975). Although the trial court is vested with broad discretion to determine the propriety of a modification, we have suggested that trial courts exercise that discretion carefully and only reluctantly alter the terms of a stipulation governing maintenance." *See Sieber v. Sieber*, 258 N.W.2d 754 (Minn.1977). Here, however, the trial court found in its order of April 27, 1979:

> Upon all these files, records, and proceedings it seems clear that respondent was in a confused, distressed, and mentally unstable state when she agreed to the stipulation on which the original decree

was based. She had been induced to fire her lawyer by petitioner's persuasion. Under the totality of the circumstances she was overreached and subjected to duress.

The record discloses that shortly after respondent was charged with five counts of felony thefts and had been sued for $50,000 by her former employer, her husband, the appellant, approached her with a proposed settlement. The fact that she was under great emotional stress and was without counsel when she accepted the settlement is uncontradicted. The opportunity for overreaching was evident to the trial court, and the justification for correcting the inadequacy of the original decree was stated in the findings:

> Respondent, who has *de facto* custody of the parties' son Craig, works two jobs—seven days per week—for a net income of $756 per month to support herself and Craig. The strain of working two jobs is an unreasonable burden to place upon respondent, and also prevents her from retraining herself for a better-paying job.

■ Nevertheless a majority of this court is troubled by the absence of detailed findings where a stipulation has been set aside and prior findings vacated and reversed by the trial court. *Wiese v. Wiese*, 295 N.W.2d 371 (Minn.1980); *Lemley v. Lemley*, 290 Minn. 525, 187 N.W.2d 136 (1971).

Consequently the matter is remanded to the trial court with directions to enter more extensive findings (or in the alternative prepare a memorandum made part of the findings) expanding on the following issues:

1. The evidence on which the court relied and its reasons for finding respondent was "confused, distressed, and mentally unstable" and was "overreached and subjected to duress" when she agreed to the stipulation.

2. The question of whether or not the original award adequately took into account the waiver of alimony in granting the respondent her share of the property settlement.

Remanded with directions.