In re the Marriage of Beverly
ABUZZAHAB, Petitioner,
Respondent,

v.

Faruk Said ABUZZAHAB, Appellant.

No. C1–84–890.

Court of Appeals of Minnesota.

Dec. 18, 1984.

James H. Hennessy, Dale M. Wagner, Moss & Barnett, P.A., Minneapolis, for respondent.

Leo Dorfman, Dorfman, Hauge & Dorfman, Ltd., Minneapolis, for appellant.

Heard, considered and decided by WOZNIAK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

LESLIE, Judge.

The marriage of appellant Dr. Faruk Said Abuzzahab and respondent Beverly Abuzzahab was dissolved by a judgment entered August 2, 1982. Appellant appealed to the Minnesota Supreme Court challenging, *inter alia*, the spousal maintenance award. On November 30, 1984, the Supreme Court affirmed the trial court's property distribution but reversed the trial court's award of permanent spousal maintenance. The supreme court remanded the matter to the trial court for determination of the appropriate period of maintenance.[1]

In April 1983, while his first appeal was pending in the supreme court, appellant moved for an order modifying the district court's award of spousal maintenance. The family court referee denied the motion and appellant sought review in district court. The district court vacated the order because the referee failed to make findings of fact, conclusions of law, and failed to hold an evidentiary hearing. Upon remand

1. The supreme court's disposition explicitly affirmed the amount of spousal maintenance and remanded for consideration of the duration of temporary spousal maintenance. *Abuzzahab v. Abuzzahab*, 359 N.W.2d 12, at —— (Minn.1984). The issue in this case—whether circumstances have so changed to make the amount of spousal maintenance inequitable—is therefore not moot. The supreme court went on to state: "If on remand the trial court determines from the record that it cannot clearly predict the success of [Beverly Abuzzahab's employment] rehabilitation plan, it can, as suggested in McClelland, retain continuing jurisdiction to revise, if necessary, the *amount* and duration of the maintenance." Id. at —— (emphasis added). Since the proceedings on review here did not establish the success of the rehabilitation plan, the modification issue can be reviewed without awaiting the trial court's decision on remand.

the referee conducted a hearing and issued recommended findings of fact and order denying appellant's motion to modify, and awarded respondent $2,500 in attorney's fees. Appellant again sought review in district court, and moved in the alternative for a new trial. The district court confirmed the referee's findings and order and denied the motion for a new trial on April 24, 1984. Appellant filed notice of appeal to this court on May 16, 1984. We affirm the denial of appellant's motion but reverse its award of attorney's fees.

## FACTS

Appellant is a 51-year-old physician practicing psychiatry and psychopharmacology. At the time of the dissolution hearing appellant received an annual salary of $160,475.00 from Clinical Pharmacological Consultants, P.A. (CPC), a business owned by respondent. Appellant also received income from other sources including $12,000.00 annually from CPC for its use of part of his personal residence. Respondent is a 49-year-old registered nurse. During most of the parties' 20 years of marriage she was a housewife with no independent source of income.

Following the dissolution respondent obtained a real estate agent's license. In its dissolution decree the trial court found that respondent has a maximum earning capacity of $18,000.00 to $22,000.00. From January 1, 1983 until October 1983, the time of the modification hearing, respondent earned $5,124.12 in real estate commissions. Of that amount, however, $2,764.80 arose from her purchase of a home in St. Paul for $230,400.00. Respondent also received interest income of $3,300.00 on deposits she made from a $200,000.00 settlement payment from appellant.

During 1983 appellant's income from CPC fell to approximately $120,000.00. To offset that loss appellant raised CPC's rent for his home to $24,000.00 per year. Appellant also drew approximately $6,300.00 per month, or $75,000.00 annually, from Psychopharmacology Fund, a sole proprietorship operated by appellant for research.

Appellant's income from other sources did not change substantially.

Appellant's expenses have increased since the decree. Appellant now pays $30,000.00 annually on a mortgage he gave on his $400,000.00 residence to borrow money to pay respondent her share of the homestead. To pay taxes on the homestead and other real estate respondent borrowed an additional $30,000.00 in October 1983. His monthly payments on that loan total $2,775.00. Education expenses for the parties' five children have increased from $18,000.00 per year to $32,000.00 per year. Finally, appellant still must pay respondent just over $100,000.00 to complete the property settlement. Appellant concludes his annual expenses have increased over $77,300.00 not including anticipated new loan expenses and the costs of supporting his new wife and daughter of his second marriage.

In the findings supporting the dissolution decree the trial court found respondent's monthly living expenses were $5,051.00. Part of that anticipated expense was $1,200.00 per month in income taxes on respondent's monthly maintenance from appellant. At the evidentiary hearing on the motion to modify, the trial court found respondent's monthly expenses increased to approximately $6,350.00. That increase arose largely from the higher cost of the house respondent purchased. At the dissolution hearing respondent testified that she planned to purchase a $160,000.00 house with property settlement funds. When she received those funds from respondent, the house had been withdrawn from the market. She then purchased a house for $230,400.00. Appellant estimates the purchase of the more expensive house increased respondent's monthly expenses by $1,060.00.

## ISSUES

1. Have circumstances substantially changed since the divorce decree making the respondent's spousal maintenance award of $4,000.00 per month unreasonable and unfair?

2. Did the trial court abuse its discretion by awarding attorney's fees to respondent for contesting appellant's motion to modify spousal maintenance?

## ANALYSIS

### 1. *Spousal Maintenance*

■ An award of spousal maintenance may be modified when circumstances have substantially changed. The standard for modification is codified:

> The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party * * *, any of which makes the terms unreasonable and unfair. On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any.

Minn.Stat. § 518.64, subd. 2 (Supp.1983).

■ Application of this standard to facts is a matter within the discretion of the trial court. *Bissell v. Bissell*, 291 Minn. 348, 351, 191 N.W.2d 425, 427 (1971). Although it is a discretionary matter, a court should exercise that discretion cautiously and only when clear proof of facts showing that a substantial change in circumstances renders modification equitable. *Wiese v. Wiese*, 295 N.W.2d 371, 372 (Minn. 1980). On review appellate courts are reluctant to interfere with a trial court's discretion and will only do so when that discretion has been abused. *Kaiser v. Kaiser*, 290 Minn. 173, 179, 186 N.W.2d 678, 683 (1971); *Peterson v. Peterson*, 304 Minn. 578, 580, 231 N.W.2d 85, 86 (1975).

■ As § 518.64, subd. 2 indicates, the moving party must demonstrate *both* a substantial change in income or needs and unfairness caused by that change. A court deciding a motion to modify spousal maintenance should examine only unfairness caused by any change, but should not pass on the fairness of the original decree.

■ The parties take widely divergent views of the changes in their financial circumstances in the year following their dissolution. Although appellant claims his income has fallen, the facts support respondent's position that his income has actually risen substantially. The source of appellant's financial difficulties is that his income has not risen enough to cover his increased expenses. Most of his increased expenses, however, result from appellant's attempts to maintain his home and other holdings despite loss of a substantial portion of his resources in the property division. The referee and the trial court concluded that changes directly resulting from the property division are not the type of changes contemplated in § 518.64, subd. 2. We agree. The statute states "increased or decreased earnings" or "increased or decreased need." Appellant's increased need, with the exception of educational expenses which are to some extent voluntary, results from cash flow problems which the trial court must have contemplated when it divided the parties' property. Since his increased income more than offsets the increased educational expenses, appellant has failed to show changes in his financial circumstances justifying a reduction in his obligation to respondent.

■ Appellant claims the changes in respondent's financial circumstances also justify modifying spousal maintenance. After reviewing the record we disagree. Aside from the commissions respondent earned when she purchased her own home, respondent earned an average of $250.00 per month as a real estate agent in 1983. The trial court properly found that this change, given the circumstances, was not so substantial that it made the spousal maintenance of $4,000.00 per month unfair. Respondent also earned $3,300.00 in interest on property settlement money she temporarily placed in a money market account. At the time of the hearing most of those funds had been depleted. The trial court was within its discretion when it disregard-

ed that source of income because it was only temporary and non-recurring.

Finally, appellant contends respondent's expenses have fallen substantially. The trial court found that respondent's monthly expenses rose by over $1,000.00. This rise is due largely to respondent's choice of a home substantially more expensive to purchase and to maintain than the home she originally planned to buy. We agree with appellant that he should not bear that additional expense which respondent voluntarily assumed. Respondent, however, has not requested an increase in support payments.

Appellant further contends that respondent's other expenses decreased because her tax liability on the maintenance payments was extinguished by paper losses on rental property awarded under the decree. While the rental property sheltered respondent's income from tax liability, the trial court refused to consider that reduction because it found respondent intended to sell the property in the near future, thus eliminating the shelter. Given that finding we cannot conclude the trial court abused its discretion.

In summary, we find that appellant fell short of showing a substantial change in circumstances. While appellant may suffer financial problems, those difficulties result largely from the property division which are not the type of changes contemplated in Minn.Stat. § 518.64, subd. 2.

### 2. Attorney's Fees

Minn.Stat. § 518.14 provides:

In a proceeding brought either for dissolution or legal separation under [chapter 518], the court, from time to time, after considering the financial resources of both parties, may require one party to pay a reasonable amount necessary to enable the other spouse to carry on or to contest the proceeding, and to pay attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement or after entry of judgment.

Minn.Stat. § 518.14 (1982). Awarding attorney's fees is discretionary. *Solon v. Solon,* 255 N.W.2d 395, 397 (Minn.1977). An award of attorney's fees should not be reversed absent an abuse of discretion. *Bogen v. Bogen,* 261 N.W.2d 606, 611 (Minn.1977).

Appellant challenges the award claiming the respondent failed to show justification under Minn.Stat. § 518.14 for the award. He argues the award is improper because respondent did not show the award is necessary to enable her to pay her attorney's fees.

The trial court made the following finding concerning attorney's fees:

That by reason of these proceedings, [respondent] has incurred additional attorney fees and costs in excess of $2,500.00 solely and exclusively on [appellant's] account and is entitled to contribution toward the same from [appellant], at least in said sum.

This finding does not indicate that respondent needs financial assistance to enable her to contest this matter. Accordingly the trial court's award is reversed.

### DECISION

The trial court did not abuse its discretion in denying appellant's motion for a reduction in spousal maintenance. The trial court's findings do not support an award of attorney's fees under Minn.Stat. § 518.-14. Respondent's request for attorney's fees for contesting this appeal is denied.

Affirmed in part and reversed in part.

FORSBERG, Judge, dissenting:

I respectfully dissent and would affirm the trial court as to attorney's fees. The awarding of attorney's fees in this case was within the discretion of the trial court.