**In re the Marriage of Thomas J. ST. GERMAIN, petitioner, Respondent,**

**v.**

**Yong Sun ST. GERMAIN, Appellant.**

**No. C2-84-1725.**

Court of Appeals of Minnesota.

May 7, 1985.

Wayne E. Gilbert, Duluth, for appellant.

Carol M. Person, Duluth, for respondent.

Considered and decided by NIERENGARTEN, P.J., FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Following a contested hearing, judgment was entered dissolving the parties' marriage and dividing their real and personal property. Appellant claims that when dividing the parties' property the trial court erroneously refused to take into account the fact that the appellant had sold certain real property at the respondent's request prior to their marriage. We affirm.

## FACTS

The respondent, Thomas J. St. Germain, first became acquainted with the appellant Yong Sun, when he met her in 1980 at the Tokyo Sauna in Duluth, Minnesota. At that time, Yong Sun was the owner of the Toyko Sauna. The parties began to date, and were married in July 1981. Prior to their marriage, Yong Sun sold the Toyko Sauna.

Thomas began proceedings for the dissolution of the parties' marriage approximately two and one-half years later. At trial Yong Sun claimed that she sold the Toyko Sauna at the demand of Thomas before they were married, because he did not want her to be associated with it while they were married. She claimed also that Thomas promised to support her if she sold the property and married him, and that in reliance upon this promise she sold her asset for $20,000. She argued that $20,000 was an insufficient consideration for the sauna, because for one year prior to the sale she had leased the business for $2,300.00 per month, but that she had accepted the $20,000.00 because of Thomas' demand.

The trial court concluded in relevant part:

> [Yong Sun's] claim for damages or reimbursement based on some sort of alleged oral contract or condition precedent to the marriage is dismissed. Such a claim falls within the statute of frauds and is unenforceable. Further, such a claim constitutes an oral antenuptial agreement and Minn.Stat. 519.11 prohibits the enforcement of such an oral antenuptial agreement. Further, the Court finds there was no meeting of the minds and the record does not support any claim that an oral contract or agreement was reached. * * *

Yong Sun claims that the trial court erroneously based its decision upon the Statute of Frauds and the antenuptial contracts statute since she had never asserted the existence of any contract between the parties. She argues, rather, that her acquiescence in Thomas' demand that she sell her business was a "relevant factor" which the court should have considered when dividing the parties' marital property pursuant to Minn.Stat. § 518.58 (1982).

Thomas has cross-appealed, claiming that the trial court erred by awarding attorneys fees to Yong Sun.

## ISSUES

1. Should the trial court have considered Yong Sun's sale of her business prior to the parties' marriage as a "relevant factor" when dividing the parties' property pursuant to Minn.Stat. § 518.58 (1982)?

2. Did the trial court err when it awarded attorneys fees to Yong Sun?

## ANALYSIS

### I

The Statute of Frauds, Minn.Stat. § 513.-01(3) (1982) provides that no action may be maintained upon any "agreement, promise, or undertaking made upon consideration of marriage * * *" unless such agreement or memorandum thereof is "in writing, and subscribed by the party charged therewith." Likewise, Minn.Stat. § 519.11, subd. 2 (1982) provides that any antenuptial contract, to be enforceable, must also be in writing. Relying upon these two statutes, the trial court concluded that Yong Sun's claim for damages "based on some sort of alleged oral contract or condition precedent" was unenforceable, because it was not in writing.

Yong Sun argues, however, that she was not seeking at trial to enforce the alleged promise by Thomas but, rather, was merely asking the court to consider her sale of the property in return for insufficient consideration as a "relevant factor" under Minn. Stat. § 518.58 (1982)[1] when dividing the parties' marital property. She claims that the court failed to consider her sale of the property as a "relevant factor", and that such failure constituted reversible error.

We need not determine whether such failure might indeed constitute error, since we find that the trial court did consider Yong Sun's sale of the property. After considering Yong Sun's claim that she sold the Toyko Sauna for insufficient consideration because prior to the sale the business was generating rental income of $2,300.00 per month, the trial court specifically found:

> [Yong Sun] offered no tax returns, checking account records, or financial proof of any kind to support her claims of income and expenses.

The trial court had the opportunity to view the witnesses and determine their credibility. Where the court, as here, determines that a party's unsupported testimony is insufficient to establish his claim, we will not set aside that determination unless it is clearly erroneous. *See T.P.B. Properties v. Coldwell, Banker & Co.*, 354 N.W.2d 102 (Minn.Ct.App.1984).

### II

Thomas has cross-appealed, claiming that the trial court erred when it awarded attorney's fees to Yong Sun. He argues that Yong Sun did not request an award of attorney's fees in her answer or in her proposed conclusions of law, that no testimony was offered regarding the amount of attorney's fees incurred, and that the court erred when it awarded attorney's fees without making a finding that such award was necessary to enable Yong Sun to carry on the dissolution proceedings.

Although the trial court ordered an award of attorney's fees, it did not set an amount, specifically reserving the issue for a future hearing. Following post-trial motions the court further ordered:

> Upon the request of Respondent, Respondent's motion for an award of attorney's fees is hereby reserved * * *. The issue of attorney's fees may be reopened upon motion of either party. Unless one party places the matter on for hearing by filing a Special Term Note of Issue within ninety (90) days from the day of the Judgment and Decree herein, the issue of attorney's fees shall be deemed withdrawn from the Court, no award of attorney's fees shall be made, and the matter shall be deemed to be adjudicated on the merits.

Due to the subsequent appeal of this matter, the issue of attorney's fees has not been finally determined; thus Thomas'

1. Minn.Stat. § 518.58 (1982) provides in part: The court shall base its findings on all relevant factors including the length of the marriage, any prior marriage of a party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity for future acquisition of capital assets, and income of each party. The court shall also consider the contribution of each in the acquisition, preservation, depreciation or appreciation in the amount or value of the marital property, as well as the contribution of a spouse as a homemaker.

cross-appeal is premature. *See* Minn.R. Civ.App.P. 103.03. Nonetheless, we specifically note our recent decision of *Abuzzahab v. Abuzzahab,* 359 N.W.2d 329 (Minn. Ct.App.1984), which states that when awarding attorneys fees a court must consider whether a party requires financial assistance to enable him to contest the proceedings.

## DECISION

The trial court's division of the parties' property was based upon proper considerations.

Affirmed.