## In re the Marriage of Leslie Edward BURDICK, Petitioner, Appellant,

v.

## Marlys Mary BURDICK, Respondent.

### No. C5–86–2193.

Court of Appeals of Minnesota.

June 9, 1987.

Ronald S. Goldser, Zimmerman & Reed, Minneapolis, for appellant.

Ronald G. Black, Terpstra, Black & Fitzgerald, Elk River, for respondent.

Heard, considered and decided by WOZNIAK, P.J., and LESLIE and MULALLY,* JJ.

## OPINION

MULALLY, Judge.

This appeal is from an order denying a motion to modify spousal maintenance by eliminating a stipulated lump sum payable from homestead sale proceeds. Appellant claims the trial court abused its discretion because his recent unemployment and unanticipated reduction in the homestead sale price constitute substantial changes in circumstances which render the stipulated maintenance award unfair. We affirm.

## FACTS

Appellant Leslie Burdick and respondent Marlys Burdick's 28–year marriage was dissolved August 9, 1986. The day of trial, the parties reached a stipulation which they read into the record. The resulting dissolution judgment and decree awarded appellant custody of the parties' minor son, age 16, and reserved child support. Respondent was awarded occupancy of the homestead until it was sold. In the parties' pretrial statements, they valued the homestead at approximately $120,000 with $9,000 current encumbrances.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

Regarding spousal maintenance, paragraph 4 of the decree provided:

> As and for temporary and permanent spousal maintenance, Respondent [sic] [Petitioner/Appellant] shall pay the principal interest, taxes, and insurance on the homestead of the parties * * * commencing January 1, 1985. All such payments made prior to the entry of the Judgment and Decree herein hereby are deemed payments of temporary spousal maintenance pursuant to the Stipulation for Temporary Order of the parties. All payments made subsequent to the entry of the Judgment and Decree herein shall be deemed permanent spousal maintenance. In addition, pursuant to the division of the proceeds of the sale of the homestead, *[Appellant] shall pay to Respondent the sum of $10,000.00 from his share of the homestead sale proceeds, which payment shall be considered a one time lump sum payment of spousal maintenance in lieu of ongoing regular monthly spousal maintenance payments.*

(Emphasis added). Paragraph 5 further provided:

> From the sale price shall be deducted all costs of sale and encumbrances against the property and the net equity thereafter divided by the parties as follows: *The first $20,000.00 shall be paid to Respondent, consistent with the provisions of paragraph 4 herein.* The net proceeds remaining thereafter shall be divided equally between [Appellant] and Respondent.

(Emphasis added).

Several months after the dissolution, the minor child moved in with respondent. Respondent brought a motion to modify the decree's custody provision and initiate child support. Appellant responded with a motion to eliminate the lump sum spousal maintenance award by striking the relevant provisions in paragraphs 4 and 5 of the decree.

On August 4, 1986, a hearing was held on the modification motions. Since the homestead had not yet sold, appellant argued his continued homestead payments that represented maintenance eliminated the need for the future lump sum award. Further, he recently lost his job and argued he should not be required to pay child support, homestead payments, and the additional future maintenance.

The court granted respondent's motion for custody and set minimal child support that would be increased when appellant became employed. The court also required appellant to continue making homestead payments and denied appellant's motion to eliminate respondent's lump sum maintenance award. The court reasoned appellant's current unemployment did not affect the future lump sum payment because it was to be taken out of the homestead sale proceeds. On August 18, 1986, the court issued an order reflecting its decisions at trial.

Subsequently, the court was advised the parties' minor son had returned to live with appellant. Accordingly, by order filed November 26, 1986, the court vacated the August 18, 1986 order, awarded custody to appellant, and dismissed respondent's motion to modify child support without prejudice. The court restated, however, its denial of appellant's motion to strike the decree's provisions entitling respondent to her lump sum maintenance award.

Shortly before appellant filed his notice of appeal, the parties stipulated to a statement of the proceedings, in which the parties asserted appellant's modification motion was based not only on his unemployment but also on an unanticipated reduction in the sale price of the homestead, which ultimately sold for $90,000 rather than the estimated $120,000 price. At the time of the modification hearing, however, the homestead had not yet sold, and therefore the claimed change in circumstances was not then before the trial court. Yet the court signed and acknowledged the parties' statement of proceedings on January 21, 1987. Appeal is from the November 26, 1986 order.

## ISSUE

Did the trial court abuse its discretion in denying a modification motion to eliminate

a stipulated lump sum maintenance award payable from homestead sale proceeds when appellant is unemployed and received reduced proceeds from homestead sale?

## ANALYSIS

A trial court has broad discretion in determining matters relating to maintenance. An appellate court will not find an abuse of discretion unless the trial court's determination is based on a clearly erroneous conclusion that is against logic and the facts on record.

*Sand v. Sand,* 379 N.W.2d 119, 120 (Minn. Ct.App.1985), *pet. for rev. denied* (Minn. Jan. 31, 1986).

A party seeking modification of a maintenance award must positively show one or more of the following:

(1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; * * * any of which makes the terms unreasonable and unfair.

Minn.Stat. § 518.64, subd. 2 (1986).

 Appellant argues that respondent's lump sum maintenance should be eliminated because he lost his job. We agree with the trial court. Appellant's unemployment is irrelevant to his ability to pay the lump sum award since it is derived from the homestead sale proceeds. Moreover, since maintenance was fixed by stipulation, the court was further justified in its reluctance to alter the terms of the decree. *Sieber v. Sieber,* 258 N.W.2d 754, 757 (Minn.1977). Therefore, the trial court did not abuse its discretion in concluding appellant's unemployment did not constitute a substantial change in circumstances warranting modification.

Appellant argues the award should be eliminated because the homestead ultimately sold for $90,000 rather than the anticipated $120,000. Although more developed findings would have aided our decision, we conclude the price change was not so substantial as to render the original terms unreasonable or unfair. Both parties suffer reduced equity from the sale. By completely eliminating respondent's

maintenance, she unjustly bears a greater loss. To the extent appellant claims an unfair reduction in his equity share from the sale, "changes directly resulting from the property division are not the type of changes contemplated in § 518.64, subd. 2." *Abuzzahab v. Abuzzahab,* 359 N.W.2d 329, 332 (Minn.Ct.App.1984). Similarly, the delay in the sale, resulting in a longer period of homestead payments, does not constitute a substantial change in circumstances justifying elimination of respondent's $10,000 lump sum award.

## DECISION

The trial court did not abuse its discretion in denying appellant's modification motion to eliminate stipulated lump sum maintenance award.

Affirmed.