In re the Marriage of Terry H.
PRANGE, Petitioner,
Appellant,

v.

Patricia A. PRANGE, Respondent.

No. C5–88–1548.

Court of Appeals of Minnesota.

March 14, 1989.

Review Denied May 12, 1989.

William M. Schade, Somsen, Dempsey & Schade, New Ulm, for petitioner, appellant.

Charles Adamson, Mankato, for respondent.

Heard, considered and decided by PARKER, P.J., and SCHUMACHER and SCHULTZ, JJ.*

## OPINION

PARKER, Judge.

Terry Prange appeals an amended judgment modifying his temporary maintenance obligation, ordered pursuant to a stipulation. The trial court amended the dissolution decree to require $300 per month permanent maintenance for Patricia Prange.

## FACTS

Terry and Patricia Prange dissolved their 29–year marriage on July 1, 1986. The dissolution decree, based on stipulations by the parties, provided that Terry would pay Patricia $900 per month maintenance for 24 months. Additionally, the court ordered Terry to pay Patricia $111,961 for the family insurance agency which he would retain. The day before the divorce decree became final, pursuant to the stipulation, Patricia quit her $13,800–per–year job with the agency.

Just before her temporary maintenance was scheduled to expire, Patricia Prange moved to amend the dissolution decree to make her maintenance permanent at the current amount. On June 27, 1988, the trial court filed an amendment to the original decree, ordering maintenance to be made permanent in the amount of $300 per month. The trial court found that Patricia's annual employment income had

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

dropped from $13,800 to approximately $9,030, which she was paid for temporary employment at $5 per hour. The court held that this reduction in income was a change of circumstances within the meaning of Minn.Stat. § 518.64, subd. 2 (1986).

## ISSUE

Did the trial court abuse its discretion in ordering an amendment of the original dissolution decree to make Patricia Prange's maintenance permanent?

## DISCUSSION

A trial court may modify an award of spousal maintenance when circumstances have substantially changed. Minn.Stat. § 518.64, subd. 2 (1986), states in pertinent part:

> The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party * * * which makes the terms unreasonable and unfair.

Determination of the requisite change of circumstances is a factual matter within the discretion of the trial court. *See Bissell v. Bissell*, 291 Minn. 348, 351, 191 N.W.2d 425, 427 (1971). On review, appellate courts will not reverse a trial court's decision except upon a clear showing of an abuse of discretion. *Cisek v. Cisek*, 409 N.W.2d 233, 235 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Sept. 18, 1987).

■ When a stipulation fixing the respective rights and obligations of the parties is involved, the trial court "should view it as an important element because it represents the parties' voluntary acquiescence in an equitable settlement." *Claybaugh v. Claybaugh*, 312 N.W.2d 447, 449 (Minn. 1981). Trial courts should only reluctantly alter the terms of a stipulation governing maintenance. *Id.* The existence of a stipulation, however, does not prohibit a modification of the maintenance provisions if the parties' circumstances have changed materially. *Sand v. Sand*, 379 N.W.2d 119, 125

(Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Jan. 31, 1986); *see also Kaiser v. Kaiser*, 290 Minn. 173, 180, 186 N.W.2d 678, 683 (1971).[1]

■ The trial court found a substantial change of circumstances which made the stipulated award of temporary maintenance to Patricia Prange unreasonable and unfair. It found that at the time of the dissolution, Patricia was earning $13,800 in her job at the insurance agency, while at the time of the modification she was earning only $9,030 in her temporary employment, which was scheduled to terminate in July 1988. That finding provided the basis for the court's calculation that Patricia's decrease in earnings was a material change of circumstances making the original award unreasonable.

We must affirm this decision because it does not constitute an abuse of discretion. We are somewhat concerned by the trial court's statement that Patricia's failure to obtain employment commensurate with her abilities subsequent to the divorce implies that she chose not to work or to seek employment-related training. The trial court, however, is in a better position than this court to determine whether Patricia's efforts to find suitable employment were affected by a desire to take advantage of the negotiated maintenance provisions or by the economy and employment opportunities in her area.

The trial court carefully considered all the evidence. It determined that both parties' statements of expenses were inflated and stated detailed reasons for these findings. It also considered the relative benefits of Terry Prange's retention of the insurance business, which provides him with a steady salary of $48,000 per year, and Patricia Prange's substantial award of marital assets in partial compensation for her loss of steady employment income.

The trial court did not clearly abuse its discretion in modifying Terry Prange's maintenance obligations. As with any ini-

---

1. We are not here concerned with a stipulation and judgment such as that in *Karon v. Karon,*

435 N.W.2d 501 (Minn.1989).

tial award of maintenance, however, Terry Prange may petition for further modification if Patricia finds more lucrative employment or upon a showing of other change of circumstances. The maintenance award is not meant to support her, but only to supplement her other income so that she can continue to live in close approximation to the standard of living she had in the marriage.

## DECISION

AFFIRMED.

SCHUMACHER, Judge (dissenting).

I respectfully dissent. I believe that the trial court abused its discretion in modifying the stipulated terms of the original divorce decree. The decree dissolving the Prange marriage was based on two stipulations. Both parties were represented by counsel and each term was negotiated. Because stipulations represent "the parties' voluntary acquiescence in an equitable settlement," courts should be reluctant to alter the terms of a stipulation governing maintenance. *Claybaugh v. Claybaugh,* 312 N.W.2d 447, 449 (Minn.1981).

This court will find an abuse of discretion by a trial court only where there is an erroneous conclusion that is against logic and the facts on the record before it. *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn. 1984). I believe this is such a case. The trial court modified the stipulated terms of the decree because it found a "change of circumstances." It expressly recognized in its memorandum accompanying the order, however, that

> respondent's reduced income may be partially attributable to her failure to obtain employment subsequent to the dissolution. * * * The obvious implication is that respondent chose not to work. Further, it does not appear that respondent sought education or training during the past two years which would have enhanced her ability to find a good paying job. Had she done so, her income today might very well have exceeded that which she was receiving from the family business.

For the trial court to conclude that Patricia's voluntary reduction in annual employment income from $13,000 to $9,000 was a sufficient change in circumstances to render the original stipulated settlement unreasonable and unfair appears to me to be against logic and the facts on the record.