*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0409**

In Re the Marriage of:
Susan Kay Schneider, petitioner,
Respondent,

vs.

Michael John Schneider,
Appellant,

Lyon County, intervenor,
Respondent.

**Filed December 7, 2015
Affirmed in part, reversed in part, and remanded
Halbrooks, Judge**

Lyon County District Court
File No. 42-FA-12-522

Gregg L. Solomon, Rene Diebold, Diebold Law Firm, LLC, Marshall, Minnesota (for respondent Susan Kay Schneider)

Marla M. Zack, Tuttle Family Law & Mediation, P.A., Shakopee, Minnesota (for appellant)

Richard R. Maes, Lyon County Attorney, Abby J. Wikelius, Assistant County Attorney, Marshall, Minnesota (for respondent intervenor)

        Considered and decided by Halbrooks, Presiding Judge; Rodenberg, Judge; and

Stoneburner, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**HALBROOKS**, Judge

In this dispute involving the modification of spousal maintenance and child support, appellant argues that the district court erred by (a) increasing his spousal-maintenance obligation to $6,000 per month and (b) eliminating his 12% parenting-time-expense adjustment and increasing his child-support obligation based on the finding that the children were spending less than 10% of their time with appellant. Because the district court did not abuse its discretion by increasing appellant's spousal-maintenance obligation, we affirm in part. But because we conclude that the district court abused its discretion by eliminating appellant's parenting-time-expense adjustment, we reverse in part and remand.

## FACTS

On June 4, 2013, the 21-year marriage between appellant Michael John Schneider and respondent Susan Kay Schneider was dissolved by judgment and decree pursuant to a martial termination agreement (MTA). At the time of the dissolution, appellant was employed as a medical doctor with a gross monthly income of approximately $26,250. Respondent was employed part-time as a flight attendant with Delta Airlines with a gross monthly income of approximately $2,248. Based upon the parties' MTA, the district court found appellant and respondent's reasonable monthly expenses to be $9,532 and $10,079, respectively. And under the terms of the MTA, appellant agreed to pay permanent spousal maintenance in the amount of $6,000 per month until May 31, 2016, at which time his maintenance obligation is reduced to $5,400 per month.

The parties also agreed to share joint legal custody of their four children, with respondent granted sole physical custody of the children, subject to appellant's reasonable and liberal parenting time. Appellant was ordered to pay child support in the amount of $2,231 per month based upon a parenting-time-expense adjustment of 12%.

In November 2013, appellant's income was substantially reduced, prompting him to move to modify his child-support and spousal-maintenance obligations. In an order dated June 27, 2014, the district court found that appellant "experienced a reduction in gross income from $26,250 per month to $8,333 per month," and that the reduction was not voluntary or intentional. The district court also found that the "magnitude of the reduction" in appellant's income makes the "existing support and maintenance obligation unfair and unreasonable." Thus, the district court reduced appellant's maintenance obligation to $4,000 per month, and his child-support obligation to $1,470 per month. But the district court noted that appellant's "income reduction is temporary" and that he "continues to look for improved employment opportunities."

Appellant obtained new employment in September 2014, with a gross monthly salary of approximately $25,000. Appellant subsequently moved, among other things, to reduce his spousal-maintenance and child-support obligations. In response, respondent sought various forms of relief, including an increase in spousal maintenance and child support.

Following a hearing on December 17, 2014, the district court found that "there has been a substantial increase in the gross income of [appellant] which makes the current support and maintenance obligation unfair and unreasonable," and that appellant "has not

3

demonstrated a basis to reduce any financial obligations in the form of child support or maintenance." The district court also found that appellant "has substantially the same income as [he] had at the time [the parties] entered into a Stipulation as to support and maintenance," and that respondent's "expenses have increased slightly." The district court found that appellant now has the means to fulfill his support obligations established in the parties' MTA. Thus, the district court denied appellant's motion to reduce his support obligations and ordered appellant to pay spousal maintenance in the amount of $6,000 per month "to support the lifestyle of the family" that they "enjoyed during the time of their marriage." The district court further noted that "the children are currently spending less than 10% of their time with [appellant]." Accordingly, the district court increased appellant's child-support obligation to $2,428 per month. This appeal follows.

## D E C I S I O N

### I.

We review a district court's decision concerning modification of spousal maintenance for an abuse of discretion. *Hecker v. Hecker*, 568 N.W.2d 705, 710 (Minn. 1997). A district court abuses its discretion if it resolves the matter in a manner "that is against logic and the facts on record." *Dobrin v. Dobrin*, 569 N.W.2d 199, 202 (Minn. 1997).

A district court may modify spousal maintenance if a substantial change in circumstances makes the original amount unreasonable and unfair. *See* Minn. Stat. § 518A.39, subd. 2(a) (2014). Changed circumstances can be established by showing a substantial increase or decrease in the gross income or need of either the obligee or the

4

obligor. *Id.* The party seeking modification bears the burden of demonstrating a substantial change in circumstances that renders the original maintenance amount unreasonable and unfair. *Beck v. Kaplan*, 566 N.W.2d 723, 726 (Minn. 1997).

Appellant argues that the district court abused its discretion by increasing his spousal-maintenance obligation. To support his claim, appellant asserts that the district court made inconsistent findings with respect to respondent's need. Appellant claims that without precise findings establishing respondent's monthly expenditures, it is impossible to "understand the reasoning behind [the district court's] decision." Appellant argues that because the district court "cannot order spousal maintenance beyond respondent's reasonable monthly expenses," the "case must be remanded for a precise finding on respondent's monthly expenses."

We acknowledge that the district court made inconsistent findings regarding respondent's expenses. Specifically, the district court found that "[b]ased upon the behavior of the parties the most creditable reported expenses of the parties are those stipulated by the parties' in June of 2013 of $10,039 for [respondent]." But in the very next sentence, the district court found that "[a]t this time the Court concludes [that respondent's] current expenses for herself and the children reasonably exceed $12,000 per month." And later, in the section of the district court's memorandum of law addressing appellant's motion to increase maintenance, the district court found that respondent's "expenses have increased slightly" since the time the parties entered into the MTA.

Nonetheless, despite the inconsistencies in the district court's findings, the district court's modification of appellant's spousal-maintenance obligation is clearly premised on the parties' needs as established at the time of the MTA. The district court made two specific findings that respondent's current expenses are about the same as they were at the time of the parties' MTA. The district court also found that appellant's gross income increased substantially after he changed employment and that he now has "substantially the same income" that he had at the time the parties entered into the MTA. Thus, the district court increased appellant's maintenance obligation to $6,000 per month, the same amount the parties agreed upon in the MTA. Although the district court made a finding that respondent's reasonable monthly expenses had increased by about $2,000 since the time of the order dissolving the parties' marriage, appellant's maintenance obligation was not increased beyond the amount the parties agreed to in the MTA. Because appellant's maintenance obligation does not exceed the amount agreed to in the MTA, it is evident from the district court's order that respondent's expenses at the time of the MTA were used to establish appellant's present spousal-maintenance obligation.

Appellant also contends that the increase in his maintenance obligation is erroneous because it is premised on respondent's post-dissolution debt payments and expenses that were not actually being paid by respondent. But the record reflects that respondent was unable to pay many of her expenses because appellant was not paying spousal maintenance. Moreover, appellant's argument assumes that the increase in his monthly maintenance obligation from $4,000 to $6,000 is based on an increase in respondent's expenses. But as established above, the district court found that for

6

purposes of the parties' maintenance-modification motions, respondent's expenses were approximately the same as her expenses at the time of the MTA.

The district court increased appellant's maintenance obligation based on his increased income. In doing so, the district court recognized that the previous reduction in spousal maintenance was intended to be "temporary" and that appellant's substantial increase in income "makes the current . . . maintenance order unfair and unreasonable." The district court also found that appellant now has "substantially the same income as [he] had at the time" the parties entered into the MTA. Thus, the district court increased appellant's maintenance obligation to $6,000 per month, the same amount that the parties agreed upon in the MTA.

It is well settled that "[c]ourts favor stipulations in dissolution cases as a means of simplifying and expediting litigation, and to bring resolution to what frequently has become an acrimonious relationship between the parties." *Shirk v. Shirk*, 561 N.W.2d 519, 521 (Minn. 1997). And a stipulation entered into by the parties typically deserves deference from the district court. *Claybaugh v. Claybaugh*, 312 N.W.2d 447, 449 (Minn. 1981); *see also Cisek v. Cisek*, 409 N.W.2d 233, 237 (Minn. App. 1987) (recognizing that a negotiated stipulation with both parties represented by attorneys carries significant weight and indicates individual parties' reflection on their present and future needs), *review denied* (Minn. Sept. 18, 1987); *see also Beck*, 566 N.W.2d at 726 (noting that when considering a motion to modify a stipulation central to the original judgment, a district court "must appreciate that the stipulation represents the parties' voluntary acquiescence in an equitable settlement"). The district court's decision follows the intent

7

of the parties' MTA. Accordingly, appellant is unable to establish that the district court abused its discretion by increasing his spousal-maintenance obligation to $6,000 per month.

**II.**

The district court has broad discretion when deciding child-support-modification issues. *Moylan v. Moylan*, 384 N.W.2d 859, 864 (Minn. 1986). Its decision will be upheld unless it committed clear error and its decision is against logic and the facts of record. *Id.*

The parenting-expense statute reflects a presumption that a parent, while exercising parenting time, has expenses associated with the costs of raising the child. Minn. Stat. § 518A.36, subd. 1(a) (2014). Therefore, the support obligor is entitled to a parenting-expense adjustment of his or her support obligation based on the percentage of parenting time allocated to the obligor. *Id.*, subd. 2 (2014). The district court applies the percentage of parenting time allocated, within ranges, to calculate a parenting-expense adjustment, which is then subtracted from the obligor's basic support obligation. *Id.*, subds. 2, 3 (2014). If a child-support obligor has less than 10% parenting time, no adjustment is applied, and if the obligor has between 10 and 45% parenting time, the basic child-support obligation is adjusted downward by 12%. *Id.*, subd. 2. If the obligor has between 45.1 and 50% parenting time, parenting time is presumed to be equal. *Id.*

"Every child support order shall specify the percentage of parenting time granted to or presumed for each parent." Minn. Stat. § 518A.36, subd. 1(a). Here, the dissolution judgment sets forth the parenting-time schedule and granted appellant a 12% parenting-

time-expense adjustment. This schedule has never been modified by court order. But in December 2014, respondent moved to increase appellant's "basic child support amount." In her supporting affidavit, respondent claimed that during the last 12 months, appellant's parenting time has been less than 10%, and, therefore, she requested "child support based up[on] a less than 10% parenting time adjustment." The district court granted the request, amending the dissolution judgment to set appellant's parenting-time-expense adjustment at less than 10%.

Appellant argues that the district court erred when it eliminated appellant's 12% parenting-time adjustment and recalculated his child-support obligation based on him "having less than 10% parenting time." We agree. "The 'percentage of parenting time' granted to a parent for the purpose of calculating a parenting-expense adjustment under Minn. Stat. § 518A.36, subd. 1(a) . . . means the percentage of parenting time scheduled under an existing court order, regardless of whether the parent exercises the full amount of court-ordered parenting time." *Hesse v. Hesse*, 778 N.W.2d 98, 100 (Minn. App. 2009). As we stated in *Hesse*, any other explanation "would encourage litigation by allowing a party to return to court to argue for a parenting-expense adjustment, and consequently a recalculation of support, based solely on the party's failure to exercise scheduled parenting time." *Id.* at 103. We further noted that "[a] party who wishes to challenge compliance with the parenting-time provisions of a court order should instead move for a hearing to resolve the parenting-time dispute." *Id.*

Here, respondent moved to increase appellant's "basic child support amount"; she did not move to modify the parenting-time schedule. Although the district court found

9

that appellant's parenting time has been less than 10%, this finding did not modify the parenting-time schedule set forth in the dissolution judgment. Under *Hesse*, the district court erred by eliminating appellant's 12% parenting-time-expense adjustment. Therefore, we reverse and remand for proceedings not inconsistent with this opinion.

**Affirmed in part, reversed in part, and remanded.**